McEvilly et al. *v.* Tucci et al., Appellants.

Argued December 15, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Arnold Dranoff*, with him *Glickman, Dranoff & Colins*, for appellants.

*James P. McEvilly, Jr., in propria persona,* and *James E. Mugford, Sr.,* submitted a brief for appellees.

OPINION BY HOFFMAN, J., March 29, 1976:

Appellants contend that the lower court abused its discretion in denying their petition to open a default judgment.

Appellees-lessees, and appellants-lessors, executed a written lease for a residence located at 1951 King Arthur's Road in Philadelphia. The original lease was effective from September 1, 1972, until August 31, 1973, but the parties agreed to extend the lease for an additional year until August 31, 1974. As a condition of the lease, appellees deposited $500.00 with appellants as security for performance of their obligations under the lease. On May 24, 1974, appellees sent timely notice of their intention not to renew the lease for an additional period.

On August 29, 1974, two days before the lease expired, appellees filed a complaint in assumpsit, alleging that they had surrendered the premises to appellants' agent on July 23, 1974, and that because more than thirty days had passed since the surrender of the premises and appellants had not returned their security deposit, they were entitled to damages in double the amount of their security deposit. See 68 P.S. §250.512.[1] Although appellees were aware of appellants' address in New York State,[2] they served appellants as non-residents pursuant to Rule 2079, Pa.R.C.P. On October 18, 1974, because appellants had not filed an answer, appellees entered a default judgment. On January 7, 1975, appellants filed a petition to open, which was granted by order of Judge SABO on March 7, 1975. The order

---

1. Act of April 6, 1951, P.L. 69, art. V, §512, added May 3, 1968, P.L. 107, No. 56, §1; as amended, December 29, 1972, P.L. 1698, No. 363, §2.

2. The termination notice was sent by registered mail to appellants at their address in West Hempstead, New York.

opening the judgment gave appellants twenty days in which to respond to appellees' complaint.

It is undisputed that the parties then engaged in settlement negotiations. On March 18, 1975, appellants' attorney sent the following letter to appellee, James P. McEvilly:[3]

> "In accordance with our conversation of March 18, 1975, I am sending this letter to confirm the fact that you are granting me an additional 20 days beyond the period specified in Judge Sabo's Order in which to file my Answer or otherwise plead to your complaint.
>
> "I am contacting my client to discuss your recent settlement offer."

On April 17, 1975, appellees entered a default judgment for the second time. Appellants filed a second petition to open the judgment on May 5, 1975; appellees filed an answer on May 19, 1975. No depositions were taken. The lower court denied the petition on June 5, 1975, and denied appellants' petition for reconsideration on July 16, 1975. This appeal followed.

The law relating to opening judgments is easily stated: "The decision to open a default judgment is within the discretion of the court below, and our Court will not reverse the lower court's decision unless there has been an abuse of discretion. *Slott v. Triad Distribs., Inc.*, 230 Pa. Superior Ct. 545, 327 A.2d 151 (1974). However, it is well-established that a default judgment entered in an assumpsit action will not be opened by the court unless [the defendant has complied with each of the following requirements]: the petition to open has been promptly filed; the petition satisfactorily explains the defendant's failure to plead within the required time

---

3. Appellee-James McEvilly is a practicing attorney in Philadelphia; he represented the appellees throughout the proceedings in the court below.

limit; and the petition sets forth a meritorious defense. *McCoy v. Public Acceptance Corp.* 451 Pa. 495, 305 A.2d 698 (1973); *Beam v. Carletti,* 229 Pa. Superior Ct. 168, 323 A.2d 180 (1974)." *Parkview Consumer Discount Co. v. Goss,* 231 Pa. Superior Ct. 50, 51-52, 332 A.2d 827 (1974). *See also, Campbell v. Heilman Homes, Inc.,* 233 Pa. Superior Ct. 366, 335 A.2d 371 (1975).

In the instant case, there is no serious dispute in regard to the requirements of prompt filing and averment of a meritorious defense.[4] The dispositive question is whether appellants have satisfactorily explained their failure to plead within the period granted by Judge SABO and the extension granted by appellees.

---

4. Appellees do not even allege that the petition was not promptly filed and the lower court did not assign this as a basis for denying the petition to open.

The meritorious defense asserted by appellants is the failure of appellees to pay rent for the last three months of the lease. Appellees contend that appellants cannot assert the non-payment of rent as a defense by virtue of 68 P.S. §250.512(b), which provides that "[a]ny landlord who fails to provide a written list within thirty days as required in subsection (a), above, shall forfeit all rights to withhold any portion of sums held in escrow ..." Subsection (a) requires every landlord to provide a tenant with a written list of any damage to the leasehold premises for which the landlord claims the tenant is liable within thirty days of the termination of a lease or upon surrender and acceptance of the leasehold premises, whichever occurs first. Appellees' complaint averred that no list had been provided within thirty days of acceptance and surrender. Thus, appellees argue that appellants are precluded by §250.512(b) from withholding any portion of the security deposit. Appellees' argument, however, ignores the following language contained in §250.512(a): "Nothing in this section shall preclude the landlord from refusing to return the escrow fund ... *for nonpayment of rent* or for the breach of any other condition in the lease by the tenant." (Emphasis added). Subsection (b), relied upon by appellees, relates only to the situation when the landlord withholds the security deposit because the tenant damaged the leasehold premises, and the landlord failed to provide the tenant with a written list of the alleged damages. Under the explicit terms of the statute, therefore, appellants do aver a meritorious defense.

In a well-reasoned opinion, Judge CAVANAUGH held that they did not.

Appellants contend that they did not file an answer, although they had one prepared, because settlement negotiations were ongoing. In support of this allegation, appellants attached the following letter addressed to appellee-James P. McEvilly, Esquire, dated April 5, 1975, to their petition to open the default judgment:

> "As I am sure you are aware, we have recently been discussing an amicable settlement of the above-captioned matter. I have conveyed to my client my offer to discontinue this matter. However, my client feels that he is entitled to some monies for the damages done to his property.
>
> "If you will contact me at your earliest convenience, I would be happy to discuss this with you. *As per our most recent discussion, I am assuming you will not require me to file an Answer or to otherwise plead pending our negotiations."* (Emphasis added).

In their answer to appellants' petition, appellees specifically denied "that there were negotiations of any contract whatsoever between counsel of parties between March 18, 1975, and April 8, 1975. It is furthermore denied that the letter of April 8, 1975, marked Exhibit 'C,' was received by James P. McEvilly, Jr." Appellees also denied that negotiations were ongoing because "defendants through counsel had indicated on March 18, 1975 that they rejected plaintiffs' final offer and were going to file an Answer and Counterclaim."

The lower court held that "[t]he alleged attempts to obtain an amicable settlement do not explain or justify a third failure to provide an answer." The court held that the evidence did not indicate that appellees attempted to confuse appellants or to lull them into a false sense of security. Compare *Zellman v. Fickenscher,* 452 Pa. 596, 307 A.2d 837 (1973), and *Triolo v. Philadelphia Coca Cola Bottling Co.,* 440 Pa. 164, 270 A.2d 620 (1970), with *Good v. Sworob,* 420 Pa. 435, 218 A.2d 240 (1966). The

court also held that the entry of a default judgment approximately seven months after an answer was first required cannot be categorized as a "studied attempt" within the meaning of *Fox v. Mellon*, 438 Pa. 364, 264 A.2d 623 (1970) (appellee served the complaint on appellant's wife and not on his counsel; default judgment was taken at 9:08 a.m., on the twenty-first day following service of the complaint).[5] Finally, the court held that the letter of April 8 sent by appellants' counsel was insufficient to justify a failure to plead within the period in view of the fact that no response was ever received. "The exercise of generosity does not create a binding obligation for its continuance." *McDonald v. Allen*, 416 Pa. 397, 400, 206 A.2d 395, 396 (1966). *See also Triolo v. Philadelphia Coca Cola Bottling Co.*, supra. The court, therefore, as an exercise of its discretion, concluded that the equitable considerations did not favor appellants and denied the petition to open the judgment.

The instant case does not present a situation in which the defendants failed to answer because of "an oversight, an unintentional omission to act, or a mistake of the rights and duties of the appellant ...." *Campbell v. Heilman Homes, Inc.*, supra at 370, 335 A.2d at 373. In *Campbell*, the manager of one of defendant's branch offices neglected to forward the complaint to the home office. The Court held that the mistake was "not unlike a clerical error," and, therefore, opened the judgment. *Id. See also Balk v. Ford Motor Company*, 446 Pa. 137, 285 A.2d 128 (1971) (defendant's insurance carrier lost the complaint); *Sta-Rite Industries, Inc. v. Century Water Treating*, 230 Pa. Superior Ct. 285, 326 A.2d 425 (1974) (at the time she was served with the complaint, defendant was a traveling sales representative who was frequently away from home; she unsuccessfully attempted to contact her attorney on several occasions,

---

5. Justice POMEROY filed a dissenting opinion joined by Justice ROBERTS. Chief Justice BELL did not participate in the decision.

and apparently miscalculated the end date for filing an answer); *Johnson v. Yellow Cab Co. of Philadelphia*, 226 Pa. Superior Ct. 270, 307 A.2d 423 (1973) (trial counsel assumed that defendant's house counsel had entered an appearance and filed interrogatories; therefore, he took no action and awaited the answers to interrogatories); *Samuel Jacobs Distributors, Inc. v. Conditioned Air, Inc.*, 223 Pa. Superior Ct. 466, 301 A.2d 907 (1973) (service was made on defendant's registered agent, but defendant's president, vice-president, and New York counsel all testified at depositions that they never received the complaint). Rather, the evidence in the present case indicates that appellants unjustifiably relied upon appellees' lack of response to the letter of April 8, 1975, and their mistaken belief that appellees did not intend to pursue their rights by taking a default judgment. The lower court did not abuse its discretion in deciding that appellants did not satisfactorily explain their failure to file an answer to the complaint.

Furthermore, the lower court relied on Rule 209, Pa.R.C.P., as an alternative basis for denying the petition. Rule 209 provides that if the petitioner, after the answer to his petition is filed, does not take depositions on disputed issues of fact, he admits all averments of fact responsive to the petition which are properly pleaded in the answer. We have recently applied this rule even in counties such as Philadelphia, where petitions before motions courts are automatically listed for argument by the prothonotary when the answer is filed. See *Cheltenham National Bank v. George B. Henne & Co., Inc.*, 237 Pa. Superior Ct. 311, 353 A.2d 59 (1975). In the instant case, the lower court held that the following facts were in dispute: Whether appellees' counsel's extension of twenty days was for the purpose of negotiations or responsive pleading; whether appellees received appellants' counsel's alleged letter of April 8, 1975; whether the parties were in contact between March 18, 1975, and April 8, 1975; whether appellants' counsel

indicated a rejection of appellees' offer and any intent to file an answer; and whether appellees' counsel gave any indication that a second default judgment would not be filed. Pursuant to Rule 209, the lower court resolved these factual questions in favor of appellees. As an evidentiary matter, therefore, the court concluded that appellants did not satisfactorily explain their failure to answer the complaint.

Order affirmed.

PRICE, J., dissents.