663 A.2d 220

CASTINGS CONDOMINIUM ASSOCIATION, INC., Appellee

v.

Florence R. KLEIN, Individually; Master Craftsman Associates (a Pennsylvania Limited Partnership); American Classic Development Company (a Pennsylvania Limited Partnership); American Classic Management Company; David Beck, d/b/a David Beck Architects; Meyer Kligerman Corporation; Mellon Bank; Meridian Bank; First Trust Savings Bank; Beneficial Savings Bank; Corestates Bank; PNC Bank; Fidelity Bank; Marian Bank; Jefferson Bank; Germantown Savings; United Bank.

**Appeal of Florence R. KLEIN.**

Superior Court of Pennsylvania.

Submitted June 28, 1995.

Filed Aug. 8, 1995.

Andrew L. Miller, Philadelphia, for appellant.

Glenn M. Ross, Philadelphia, for appellee.

Before ROWLEY, President Judge, and HUDOCK and CERCONE, JJ.

HUDOCK, Judge:

Florence R. Klein appeals from the order which denied her petition to strike or open a default judgment. We affirm.

This case commenced on October 7, 1993 when Castings Condominium Association, Inc. (Castings) filed a complaint alleging that Florence Klein, Master Craftsman Associates, American Classic Development Company and American Classic Management Company were liable for *inter alia*, breach of contract, breach of fiduciary duty and fraud. Florence Klein, in her individual capacity and as general and limited partner of Master Craftsman Associates and American Classic Development Company and as chief executive officer of American Classic Management Company entered a contract with Castings for the construction and management of condominium properties in Philadelphia. Castings alleged that the named defendants breached the public offering statement made in connection with the sale of the condominiums by misrepresenting the condition of the property. Castings complained that the roof and windows of the condominiums were defective and in need of repair. Castings also alleged a breach of the management agreement, misrepresentation, misappropriation of funds, failure to perform fiduciary duties, and fraud.

On October 20, 1993, Klein was personally served with the complaint in her individual capacity and as general partner of Master Craftsman and American Classic Development Company. Klein forwarded a copy of the complaint to her attorney, E. Harris Baum. Baum, however, did not file an answer to Castings' complaint within the required twenty days. *See* Pa.R.C.P. 1026(a), 42 Pa.C.S.A. On November 12, 1993, Castings sent a notice of intent to enter a default judgment to Klein personally and to Klein's attorney, Baum. In response to this notice, Baum sent a letter to Castings' counsel, Glenn M. Ross, which stated:

> I have received, on behalf of Florence Klein, a 10 day Notice of Judgment regarding the above-captioned matter.

Master Craftsman is represented by Steven Angstreich, Esquire who has already been in touch with you and advised you that the claim is amply covered by insurance. I have advised Florence Klein to turn this over to her carriers and will assume that you will not file Judgment at this time. It will be a waste of everyone's money and time to litigate this issue when, in fact, it is covered by insurance.

If I do not hear from you, I will assume that you proceeded to discuss this matter with Zurick, CNA, U.S. Underwriters and National Union.

Letter dated 11/16/93.

On January 21, 1994, Baum entered his appearance for Klein and filed an answer to the cross-claim filed by Master Craftsman Associates. On August 5, 1994, Castings filed a praecipe for default judgment against Klein, American Classic Development Company and American Classic Management Company. The trial court granted Castings' petition and entered a default judgment. Klein subsequently obtained new counsel who filed a petition to open or strike the default judgment on November 2, 1994. On December 30, 1994, the trial court permitted Baum to withdraw as counsel of record for Klein since Klein had failed to pay Baum for his legal services. The trial court denied Klein's petition to open or strike the default judgment on January 3, 1995. Klein then perfected the instant appeal in which she argues that the trial court erred by denying her petition to open or strike the default judgment.

A petition to open a default judgment is addressed to the equitable powers of the court and the trial court has discretion to grant or deny such petition. *Fink v. General Accident Insurance Company*, 406 Pa.Super. 294, 296–98, 594 A.2d 345, 346 (1991). The party seeking to open the default judgment must establish three elements: (1) the petition to open or strike was promptly filed; (2) the default can be reasonably explained or excused; and (3) there is a meritorious defense to the underlying claim. *Id.* The court's refusal to open a default judgment will not be reversed on appeal

unless the trial court abused its discretion or committed an error of law. *Alba v. Urology Associates of Kingston,* 409 Pa.Super. 406, 407–10, 598 A.2d 57, 58 (1991). "An abuse of discretion is not merely an error in judgment; rather it occurs when the law is overridden or misapplied, or when the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill-will." *Pilon v. Bally Engineering Structures,* 435 Pa.Super. 227, 233, 645 A.2d 282, 285 (1994), *alloc. den.,* 539 Pa. 680, 652 A.2d 1325. Moreover, this Court must determine whether there are equitable considerations which weigh in favor of opening the default judgment and allowing the defendant to defend the case on the merits. *Duckson v. Wee Wheelers, Inc.,* 423 Pa.Super. 251, 253–55, 620 A.2d 1206, 1208 (1993). "[W]here the equities warrant opening a default judgment, this Court will not hesitate to find an abuse of discretion." *Id.,* 423 Pa.Super. 256, 620 A.2d at 1209.

The trial court found that Klein failed to establish all three criteria needed to open a default judgment. We will examine each factor independently.

 The timeliness of a petition to open judgment is measured from the date that notice of the entry of the default judgment is received. *Alba v. Urology Associates of Kingston,* 409 Pa.Super. 409, 598 A.2d at 58. The law does not establish a specific time period within which a petition to open a judgment must be filed to qualify as timely. Instead, the court must consider the length of time between discovery of the entry of the default judgment and the reason for delay. *Quatrochi v. Gaiters,* 251 Pa.Super. 115, 120–22, 380 A.2d 404, 407 (1977).

 In the present case the trial court entered the default judgment on August 5, 1994. The petition to open or strike the judgment was not filed until November 2, 1994. In previous decisions of this Court, we have held that periods of less than three months between notice of the entry of judgment and filing a petition to open were not prompt. *See Pappas v. Stefan,* 451 Pa. 354, 304 A.2d 143 (1973) (fifty-five days); *Quatrochi v. Gaiters, supra* (sixty-three days); *Schutte v. Valley Bargain Center, Inc.,* 248 Pa.Super. 532, 375 A.2d

368 (1977) (forty-seven days). In *McCoy v. Public Acceptance Corporation,* 451 Pa. 495, 305 A.2d 698 (1973), our Supreme Court found that a period of two and one-half weeks was not prompt. *Id.,* 305 A.2d at 700. In cases where we found a "prompt" and timely filing of the petition to open a default judgment, the period of delay was normally less than one month. *See Fink v. General Accident Insurance Company, supra,* at 406 Pa.Super. 294, 594 A.2d 345 (period of five days is timely); *Duckson v. Wee Wheelers, Inc., supra,* at 423 Pa.Super. 251, 620 A.2d 1206 (one day is timely); *Alba v. Urology Associates of Kingston, supra,* at 409 Pa.Super. 256, 620 A.2d 1209 (fourteen days is timely). Based on these previous opinions, we find support for the trial court's decision that a delay of three months does not constitute a prompt filing, therefore, we cannot conclude that the trial court abused its discretion.

■ Klein claims that she did not learn that Baum refused to file a petition to open the default judgment until October 13, 1994. Therefore, she claims that there was a delay of only two weeks until the petition to open judgment was filed by her new counsel.

We reject this argument since the record reveals that Baum notified Klein as early as August 30, 1994 that he would no longer represent her unless she paid his overdue legal fees. Baum repeatedly informed Klein that he would not continue to represent her until she paid the sizable outstanding balance owed to his law firm. Therefore, Klein cannot complain that she was unaware that Baum would not file a petition to open judgment until October 13, 1994.

The second requirement before opening a default judgment is that the default can be reasonably explained or excused. "Whether an excuse is legitimate is not easily answered and depends upon the specific circumstances of the case." *Duckson,* 258, 620 A.2d at 1210.

■ Klein contends that the failure to answer Castings' complaint was "totally excusable" because Castings' counsel agreed to notify Attorney Baum prior to filing a praecipe for entry of default judgment. Klein contends that Baum's letter dated November 16, 1993, *see infra,* in which he "assumed"

that Castings' counsel would not seek a default judgment, established a common understanding between the parties that Castings would not seek the entry of a default judgment. This "assumption" by Attorney Baum, however, was unwarranted since Castings' counsel never affirmatively responded to Baum's letter. There was no enforceable agreement between the parties since counsel for Castings did not confirm, either orally or in writing, that he would not praecipe for a default judgment. Klein cannot rely on the November 16, 1993 letter as an enforceable contract between the parties since there was no "meeting of the minds." *See Reilly Associates v. Duryea Borough Sewer Authority,* 428 Pa.Super. 460, 463–64, 631 A.2d 621, 623–24 (1994) (letter from defendants' counsel to plaintiff's counsel requesting an extension of thirty days to file an answer does not constitute an enforceable agreement for extension when the plaintiff's counsel did not respond to the letter).

Furthermore, in *McEvilly v. Tucci,* 239 Pa.Super. 474, 362 A.2d 259 (1976), this Court rejected the excuse which Klein presents in this appeal. In *McEvilly,* counsel for the defendants sent the plaintiffs a letter stating, in pertinent part, "I am assuming you will not require me to file an Answer or to otherwise plead pending our negotiations." *Id.,* 479, 362 A.2d at 262. The plaintiffs did not respond to this letter and proceeded to obtain a default judgment. On appeal to this Court, the defendants sought to have the judgment opened. This Court rejected the defendants' explanation as reasonable and held:

> [T]he evidence in the present case indicates that [defendants] unjustifiably relied upon [plaintiffs'] lack of response to the letter of April 8, 1975, and their mistaken belief that [plaintiffs] did not intend to pursue their rights by taking a default judgment. The lower court did not abuse its discretion in deciding that [defendants] did not satisfactorily explain their failure to file an answer to the complaint.

*Id.,* 481, 362 A.2d at 263.

Likewise, Klein's assumption that Castings would not seek a default judgment because of the November 16, 1993 letter was

unwarranted. Castings' counsel never agreed to notify Attorney Baum before seeking a default judgment.

Finally, Klein must plead an arguable meritorious defense sufficient to justify relief if proven. *Miller Block Company v. United States National Bank in Johnstown*, 389 Pa.Super. 461, 471, 567 A.2d 695, 700 (1989), *alloc. den.*, 525 Pa. 658, 582 A.2d 324 (1990). The defendant does not have to prove every element of her defense, however, she must set forth the defense in precise, specific and clear terms. *Id.*

In Klein's petition to open judgment, she averred the following defense:

Defendant Klein has a meritorious defense to the Complaint since she denies any misrepresentation either by action or omission with respect to the subject premises and she further denies any impropriety in her management of the financial affairs of the condominium association.

Petition to Open or Strike Default Judgment, at ¶ 10.

We agree that this assertion is insufficient to establish a meritorious defense. Castings' complaint alleged numerous factual details in support of its allegations of breach of contract, misrepresentation, fraud, misappropriation of funds, and failure to perform fiduciary duties. Klein does not refute any of these allegations with particularity. Instead, she summarily states that she denies any wrongdoing.

Klein argues that the trial court failed to consider the equitable nature of its review when deciding whether to open a default judgment. Klein contends that the court erred by focusing entirely on the tripartite test of timely filing, reasonable excuse and meritorious defense. She suggests that the trial court must also consider whether justice is served by denying her an opportunity to defend her case. Klein relies on the following passage from *Provident Credit Corporation v. Young*, 300 Pa.Super. 117, 446 A.2d 257 (1982) (*en banc*) to support her position:

Without question, in many cases where we have found that one of the three requirements for opening a judgment

was not met we have stopped without considering the arguments made with regard to the other two. It is difficult, however, to reconcile this approach with the many other cases that emphasize the equitable nature of the decision whether to grant a petition to open, and the importance of balancing the prejudice to the two sides.

\* \* \* \* \* \*

We are not suggesting that the tripartite test is not important. The test will often provide a ready determination—a navigator's "quick fix"—of where the equities lie. For example, in a case where no attempt has been made to explain the default or delay, or where, in an assumpsit case, no defense has been pleaded, or only one clearly without merit, it is difficult to imagine that the equities would favor opening the judgment. But where some showing has been made with regard to each part of the test, a court should not blinder itself and examine each part as though it were a water-tight compartment, to be evaluated in isolation from other aspects of the case. Instead the court should consider each part in the light of all of the circumstances and equities of the case. Only in that way can a chancellor act as a court of conscience.

*Id.*, 128–130, 446 A.2d at 263–64 (citations omitted).

 We recognize the equitable nature of the trial court's task when deciding whether to open a default judgment. However, the trial court cannot open a default judgment based on the "equities" of the case when the defendant has failed to establish all three of the required criteria. In *Provident Credit Corporation, supra,* the defendant seeking to open the default judgment established two of the three elements—she pled a meritorious defense to the plaintiff's complaint and offered a reasonable excuse for the default. *Provident Credit Corp.*, 126–128, 446 A.2d at 262–63. Under these circumstances, the Court concluded that it would be inequitable to deny the request to open the judgment simply because she did not promptly file the petition to open. The Court weighed the equities of the case and ruled in favor of granting the petition to open the judgment. Klein, on the other hand, has not

established any of the three elements in the tripartite test. Therefore, we reject her argument that the "equities" weigh in her favor requiring that we open the default judgment.

Order affirmed.