J-A17003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| WILLIAM HAGEMAN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| WALTER PITTENGER, | |
| Appellee | No. 3303 EDA 2015 |

Appeal from the Order Entered October 2, 2015
in the Court of Common Pleas of Pike County
Civil Division at No.: 2009-01482

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 22, 2016**

Appellant, William Hageman, appeals from the order entered October 2, 2015, denying his petition to open/strike a judgment of *non pros*.  For the reasons discussed below, we affirm.

We take the underlying facts and procedural history in this matter from the trial court's December 8, 2015 opinion and our independent review of the certified record.

Appellant, William Hageman, commenced this action by filing a complaint on July 21, 2009.  In the complaint, Appellant alleged that a vehicle operated by Appellee, Walter Pittenger, struck Appellant's vehicle

_____

[*] Retired Senior Judge assigned to the Superior Court.

from behind, on July 27, 2007, causing Appellant serious injuries. (*See* Complaint, 7/21/09, at 1-2 ¶¶ 6-7). On August 18, 2009, Appellee filed an answer and new matter. Appellant filed a reply on September 11, 2009.

No further docket action occurred with respect to this matter until September 26, 2013, when Appellant's counsel filed a motion to withdraw as counsel. The trial court granted the motion April 22, 2014.

On June 9, 2014, Appellee filed a motion for entry of judgment of *non pros*. On June 12, 2014, the trial court issued an order setting a rule returnable for answer to the motion for twenty days from the date of service of the rule upon Appellant. On July 8, 2014, Appellee filed a praecipe for withdrawal of the motion for entry of judgment of *non pros*.

On March 3, 2015, Appellee filed a second motion for entry of judgment of *non pros*. In the motion, he claimed that the parties had exchanged written discovery and been deposed on February 18, 2010. (*See* Motion for Entry of Judgment of *Non Pros* on Behalf of [Appellee] Walter Pittenger, 3/03/15, at unnumbered page 1 ¶¶ 3-4). Appellee also maintained that the parties attempted to settle the matter in 2011, but Appellant's counsel failed to respond to letters sent by Appellee's counsel on December 27, 2011, and on July 31 and September 28, 2012. (*See id.* at unnumbered pages 1-2 ¶¶ 5-9). Appellee's counsel stated that, in June 2014, Jeffrey Lessin, Esquire, who purported to represent Appellant in this

action, contacted her.[1] (*See id.* at unnumbered page 2 ¶ 12). She noted that she again attempted to settle the matter but never received any response from either Appellant or Attorney Lessin. (*See id.* at unnumbered pages 2-3 ¶¶ 13-16).

On March 9, 2015, the trial court filed an order setting a rule returnable for answer to the motion for twenty days from the date of service of the rule upon Appellant. On March 20, 2015, Appellant, acting *pro se*, filed a "Motion for Entry of Judgment to Deny *Non Pros* on Behalf of [Appellant] Walter Pittenger." In the motion, Appellant claimed that he unsuccessfully "attempted, submitted, requested, directed, demanded and ordered" several attorneys to proceed with the litigation. (Motion for Entry of Judgment to Deny *Non Pros* on Behalf of [Appellant] Walter Pittenger, 3/20/15, at unnumbered pages 2-3, ¶ 3). Appellant also maintained that he directed counsel to refuse the settlement offer and that a counter offer was "under construction, and once completed and reviewed" would be sent to Appellee. (*Id.* at unnumbered page 4, ¶¶ 6-6(a), (b)). Appellant alleged that he had been unable to obtain a copy of his file from former counsel. (*See id.* at unnumbered page 6, ¶ 10(b)). Appellant stated that he fired Attorney Lessin on March 3, 2015. (*See id.* at unnumbered page 9 ¶ 14(b)).

---

[1] We note that Attorney Lessin never entered his appearance in this matter.

On March 25, 2015, the trial court issued an order scheduling a hearing on the matter for April 28, 2015. At the hearing, Appellant, acting *pro se*, argued that he, personally, had done everything possible to push the case forward but prior counsel thwarted him. (***See*** N.T. Hearing, 4/28/15, at unnumbered pages 6-8). On May 5, 2015, the trial court granted Appellee's motion for entry of a judgment of *non pros*.

On June 16, 2015, Appellant, now represented by counsel, filed a petition to strike/open the judgment of *non pros*. On July 2, 2015, Appellee filed a response. On September 29, 2015, a hearing took place on Appellant's motion.

At the hearing, Appellant testified that he fired prior counsel, Attorney Harry Coleman, in 2012, because Attorney Coleman, "refused to follow my directions and wishes, refused to file proper paperwork with the agencies and authorities that were affiliated with my case." (N.T. Hearing, 9/29/15, at 7). Appellant claimed he regularly contacted Attorney Coleman, provided him with all requested documentation and directed him to proceed with the matter. (***See id.***). Appellant averred that he retained new counsel, Jeffrey R. Lessin, Esquire, and had two meetings with him in late 2013 and early 2014. (***See id.*** at 8). Appellant noted that, until he contacted Attorney Lessin, he had been unable to find counsel who was willing to take his case. (***See id.***). He also argued that he had difficulty obtaining his file from Attorney Coleman. (***See id.*** at 8-9).

Appellant continued to testify that he had additional difficulties with Attorney Lessin because he would not communicate with various state and federal agencies "involved in my case." (*Id.* at 9). Appellant explained that Medicare, the Pennsylvania Homeowner Emergency Mortgage Assistance Program, as well as Social Security, and "government agencies for security clearances[,]" required detailed information about any legal activities "associated" with his name. (*Id.* at 9-10). Appellant also claimed that, because of a lack of proper maintenance by various unnamed medical facilities, he had difficulty obtaining medical records. (*See id.* at 11). Appellant concluded that he had diligently attempted to move the case forward but counsel failed to follow his directions on how to proceed with the matter. (*See id.* at 12). He noted that he communicated on a weekly basis with Medicare and hired an unnamed trial consultant. (*See id.*).

On October 2, 2015, the trial court denied Appellant's petition to strike/open the judgment of *non pros*. The instant, timely appeal followed. On November 3, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on November 9, 2015. *See id.* On December 8, 2015, the trial court issued an opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following issue for our review:

Did the trial court abuse its discretion in denying [Appellant's] petition to open judgment of *non pros* for inactivity

when [Appellant] timely filed his petition, has pled sufficient facts in this complaint that if proved at trial would entitle him to relief, the trial court failed to take into account the non-docket activity in [Appellant's] case and the fact that the delay was caused by [Appellant's] counsel, and the record is devoid of any facts showing that the delay caused any diminution in [Appellee's] ability to present his case at trial?

(Appellant's Brief, at 4).

Appellant challenges the denial of his petition to open a judgment of *non pros*. (**See id.** at 16). Our standard of review is settled.

A request to open a judgment of *non pros*, like the opening of a default judgment, is in the nature of an appeal to the equitable powers of the court and, in order for the judgment of *non pros* to be opened, a three-pronged test must be satisfied: 1) the petition to open must be promptly filed; 2) the default or delay must be reasonably explained or excused; and 3) facts must be shown to exist that support a cause of action. [**See**] **Madrid v. Alpine Mountain Corp.**, 24 A.3d 380, 381 (Pa. Super. 2011)[, *appeal denied*, 40 A.3d 1237 (Pa. 2012)] (citation omitted); Pa.R.C.P. 3051. A petition under Pa.R.C.P. 3051 is the only means by which relief from a judgment of *non pros* may be sought. [**Id.**]; Pa.R.C.P. 3051, Comment. "Any appeal related to a judgment of *non pros* lies not from the judgment itself, but from the denial of a petition to open or strike." **Madrid**, 24 A.3d at 381–382 (citation omitted). The "failure to file a timely or rule-compliant petition to open operates as a waiver of any right to address issues concerning the underlying judgment of non pros." **Id.** at 382. Finally, a trial court's decision to deny a petition to open or strike a judgment of *non pros* is reviewed pursuant to an abuse of discretion standard. **Id.** (citation omitted).

**Bartolomeo v. Marshall**, 69 A.3d 610, 613-14 (Pa. Super. 2013). This Court has also stated:

[j]udicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or

- 6 -

exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*French v. Commonwealth Assocs., Inc.*, 980 A.2d 623, 628 (Pa. Super 2009) (citation omitted). Further, Pa.R.C.P. 3051 provides in pertinent part:

**Rule 3051. Relief from Judgment of *Non Pros*:**

(a) Relief from a judgment of *non pros* shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.

(b) Except as provided in subdivision (c), if the relief sought includes the opening of the judgment, the petition shall allege facts showing that

(1) the petition is timely filed,

(2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of *non pros*, and

(3) there is a meritorious cause of action.

\* \* \*

(c) If the relief sought includes the opening of the judgment of *non pros* for inactivity, the petition shall allege facts showing that

Note: The "inactivity" covered by this subdivision is governed by and subject to *Jacobs v. Halloran*, 551 Pa. 350, 710 A.2d 1098 (1998).

(1) the petition is timely filed,

(2) there is a meritorious cause of action, and

(3) the record of the proceedings granting the judgment of *non pros* does not support a finding that the following requirements for entry of a judgment of *non pros* for inactivity have been satisfied:

(i) there has been a lack of due diligence on the part of the plaintiff for failure to proceed with reasonable promptitude,

(ii) the plaintiff has failed to show a compelling reason for the delay, and

(iii) the delay has caused actual prejudice to the defendant.

Pa.R.C.P. 3051(a)-(c).

In the instant matter, for the reasons discussed below, we find that Appellant has failed to satisfy two of the three elements that permit a trial court to grant a petition to open. Therefore, he waived any challenge to the underlying grant of motion to enter a judgement of *non pros* and the trial court did not abuse its discretion in denying Appellant's petition to open. *See Bartolomeo*, *supra* at 613-14; *Madrid*, *supra* at 381-82.

Appellant contends that the trial court erred in denying his petition to strike/open a judgment of *non pros*. Specifically, he avers that he filed his petition within a reasonable amount of time. (*See* Appellant's Brief, at 14). Moreover, he argues his delay in filing the petition to open can be reasonably explained, given that: (1) he was acting *pro se* at the time the trial court granted the judgment of *non pros;* (2) he had to hire new counsel; and (3) counsel could not immediately act on the petition because of a death in his family. (*See id.*). Appellant also claims that he has a meritorious cause of action because he alleged in his complaint that he suffered injury at the hands of Appellee. (*See id.*). We disagree.

Here, the trial court found that Appellant's petition, which was filed forty-two days after the entry of judgment, was not timely. (**See** Trial Court Opinion, 12/08/15, at 4). We agree.

This Court has expressly held that delays ranging from thirty-seven to fifty-six days render a petition to open untimely. **See Madrid**, **supra** at 383 (collecting cases); **cf. Myers v. Wells Fargo Bank, N.A.**, 986 A.2d 171, 176 (Pa. Super. 2009) (noting that normally petitions to open are found to be promptly and timely filed when period of delay is less than one month). Appellant's petition was filed forty-two days after the entry of the judgment of *non pros*; therefore it was not timely filed. **See Madrid**, **supra** at 383; **see also Myers**, **supra** at 176. Thus, Appellant has not met the first prong for the grant of a petition to open. **See Bartolomeo**, **supra** at 613.

Appellant argues that we should disregard the delay, because he has offered reasonable explanations or excuses for it. (**See** Appellant's Brief, at 17-18). Again, we disagree.

Appellant first attempts to explain the delay by noting that he was *pro se* at the time of entry of judgment. (**See** Appellant's Brief, at 18). However, this Court has long held that:

> [w]hile this [C]ourt is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [he] lacks legal training. As our [S]upreme [C]ourt has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing.

***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942 (Pa. Super. 2006) (citations omitted).  Thus, Appellant's *pro se* status does not excuse the delay in filing his petition.  ***See id.***

Appellant next contends that he needed time to hire new counsel. (***See*** Appellant's Brief, at 14).  This claim is equally unavailing.  Appellee filed his Motion for Entry of Judgment of *Non Pros* on March 3, 2015.  In his response to the motion, Appellant testified that he fired Attorney Lessin that same day.  (***See*** Motion for Entry of Judgment to Deny *Non Pros* on Behalf of [Appellant] Walter Pittenger, 3/20/15, at unnumbered page 9 ¶ 14(b)). Thus, as of March 3, 2015, Appellant was aware that there was a pending motion for entry of judgment of *non pros*, that he was unrepresented, and that he needed to hire new counsel.  Appellant offered no explanation as to why he waited until some point in May 2015 to hire new counsel.  (***See*** N.T. Hearing, 9/29/15, at 18).  Therefore, this does not constitute a reasonable explanation for the delay.  ***See Castings Condominium Ass'n., Inc. v. Klein***, 663 A.2d 220, 223 (Pa. Super. 1995) (finding no reasonable excuse for delay in filing petition to open where appellant was aware that current counsel would not continue to represent her until he was paid overdue legal fees).

Lastly, Appellant contends that counsel was unable to file a timely petition to open because of a death in counsel's family in early June 2015. (***See*** Appellant's Brief, at 18-19).  In support of this contention, Appellant

relies on this Court's decision in **Almes v. Burket**, 881 A.2d 861, 866 (Pa. Super. 2005). We find Appellant's reliance on **Almes** to be misplaced.

In **Almes**, Appellant filed a complaint sounding in professional negligence and thus had to file a certificate of merit within sixty days of filing the complaint. **See id.** at 862-63. Four days prior to the deadline, trial counsel received the certificate from the expert; however, prior to opening the mail, counsel had a family emergency and left town. **See id.** at 863. Due to a death in the family and the Christmas holiday, counsel did not return to his office until the sixty-fourth day; the same day the prothonotary entered a judgment of *non pros*. **See id.** Approximately **five** days later, counsel filed a petition to open, explaining that the death in the family and the Christmas holidays caused the delay in filing the certificate of merit. **See id.** The trial court denied the petition without explanation. **See id.** We reversed, finding that counsel's explanation for the delay in filing the certificate of merit was reasonable. **See id.** at 866.

However, **Almes** does not assist Appellant. Firstly, the issue in **Almes** was not whether the appellant timely filed the petition to open, but rather whether counsel offered a reasonable explanation for failing to file a timely certificate of merit. **See id.** Secondly, we largely premised the decision in **Almes** on the fact that the appellees' counsel recorded a "snap" judgment, filing the praecipe for entry of a default judgment on the same day that the certificate of merit was due. The law disfavors such snap judgments. **See**

*id.* at 865. Thirdly, the total delay in *Almes* was less than ten days. *See id.* at 862-63.

Here, the entry of a judgment of *non pros* was entered after more than five years of docket inactivity. Further, the record reflects that Appellant hired counsel in May 2015, (*see* N.T. Hearing, 9/25/15, at 18), and counsel's grandmother died in early June 2015. (*See* Appellant's Brief, at 18). Counsel has offered no explanation as to why he was unable to file the petition to open in May 2015. (*See id.* at 18-19). Nor has counsel offered any explanation as to why it took more than two weeks after the death of his grandmother to file the petition to open, unlike the detailed timeline offered in *Almes*. (*See id.*). Thus, *Almes* does not support Appellant's contention that a death in counsel's family provides a sufficient explanation for a forty-two day delay in filing the petition to open. *See Almes*, *supra* at 866. Accordingly, for the reasons discussed above, we find that the trial court did not abuse its discretion in holding that Appellant's petition to open was untimely, without reasonable explanation for its delay. *See Madrid*, *supra* at 382-83; *see also Myers*, *supra* at 176; *Castings*, *supra* at 223.

As this Court has long held that the failure to file promptly a petition to open is dispositive, *see Stephens v. Messick*, 799 A.3d 793, 799-800 (Pa. Super. 2002), we need not address the issue of whether Appellant satisfied the meritorious cause of action element. Further, because Appellant failed to file a timely petition to open, he has waived all issues concerning the

propriety of the grant of the motion for entry of judgment of *non pros*. **See Bartolomeo**, *supra* at 613-14; **Madrid**, *supra* at 381-82; **Stephens**, *supra* at 799-800. Therefore, the trial court did not abuse its discretion in denying Appellant's petition to open. **See id.**

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2016