J-S79019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TITAN OUTDOOR LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BELLEVUE MEDIA GROUP LLC D/B/A BELLEVUE STRATEGIES LLC | |
| Appellant | No. 1670 EDA 2016 |

Appeal from the Order April 22, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): November Term, 2015 No. 03492

BEFORE:  GANTMAN, P.J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:          **FILED DECEMBER 23, 2016**

Bellevue Strategies, LLC ("Strategies")[1] appeals from the April 22, 2016 order entered in the Philadelphia County Court of Common Pleas following the trial court's denial of Strategies' petition to open default judgment.  We affirm.

On November 24, 2015, Titan Outdoor, LLC ("Titan") filed a complaint against Bellevue Media Group, LLC d/b/a Bellevue Strategies, LLC alleging two counts of breach of contract.  On December 8, 2015, Titan served

_____

[1] The defendant in this case is Bellevue Media Group, LLC d/b/a Bellevue Strategies, LLC.  Strategies, however, claims it is a separate entity from Bellevue Media Group, LLC ("Media"). Thus, throughout this Memorandum, we will refer to Strategies and Media separately.

Mustafa Rashed,[2] owner of Media, with the complaint at Strategies' office. When no responsive pleading was filed, Titan filed a praecipe to enter default judgment. On January 7, 2016, the prothonotary entered default judgment against Bellevue Media Group, LLC d/b/a Bellevue Strategies, LLC,[3] and assessed damages, which Media did not pay. On January 15, 2016, Titan sought garnishment of Media's and Strategies' bank accounts and, on that same day, the prothonotary entered a writ of execution. The garnishment occurred on March 4, 2016, and on March 30, 2016, counsel for Strategies entered their appearance and filed a petition to open default judgment. On April 22, 2016, the trial court denied Strategies' petition to open default judgment.[4] Strategies filed a motion for reconsideration, which the trial

_____

[2] Titan served the complaint on Rashed as "owner" of Media. **See** Affi./Re. of Service, filed 12/8/15. However, Rashed is also closely connected to Strategies; he signed the verification for the memorandum in support of Strategies' petition to open default judgment. **See** Mem. of Law in Support of Strategies' Emergency Pet. to Open Default Judgment, filed 3/31/16.

[3] Notice of entry of default judgment against Bellevue Media Group, LLC d/b/a Bellevue Strategies, LLC is not in the certified record, but the docket indicates that default judgment was entered, damages were assessed, and notice was given pursuant to Pa.R.C.P. 236 and 237.1, on January 7, 2016. **See** Docket. This, coupled with the fact that no party disputes that default was entered, leads us to conclude default judgment was properly entered on this date.

[4] On April 20, 2016, the trial court granted Strategies' petition to open default judgment under the erroneous belief that the petition was uncontested. After Strategies notified the trial court that Titan had filed an answer to Strategies' petition to open, the trial court entered its April 22, 2016 order denying the petition.
*(Footnote Continued Next Page)*

court denied. Strategies filed a timely notice of appeal on May 23, 2016.[5]
The trial court did not order Strategies to file a 1925(b) statement.

Strategies raises the following issue on appeal:

1. Whether the Trial Court committed a clear error of law or a clear, manifest abuse of discretion in Denying [Strategies'] Petition to Open the Default Judgment.

Strategies' Br. at 2.

We apply the following standard when reviewing a denial of a petition to open default judgment: "[A] petition to open a default judgment is an appeal to the equitable powers of the court, and absent an error of law or a clear, manifest abuse of discretion, it will not be disturbed on appeal." *ABG Promotions v. Parkway Publ'g, Inc.*, 834 A.2d 613, 615-16 (Pa.Super. 2013) (*en banc*) (quoting *Penn-Delco Sch. Dist. v. Bell Atlantic-Pa., Inc.*, 745 A.2d 14, 17 (Pa.Super. 1999)). A trial court abuses its discretion when it "overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will." *Id.* at 616. A default judgment may be opened when the moving party has: "(1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

[5] Strategies had until Monday, May 23, 2016 to file a timely notice of appeal. *See* 1 Pa.C.S. § 1908 (when last day of time period "fall[s] on Saturday or Sunday, . . . such day shall be omitted from the computation").

complaint." **US Bank N.A. v. Mallory**, 982 A.2d 986, 994-95 (Pa.Super. 2009).

This Court has stated that "[t]he timeliness of a petition to open judgment is measured from the date that notice of the entry of the default judgment is received." **Id.** at 995 (quoting **Castings Condo. Ass'n, Inc. v. Klein**, 663 A.2d 220, 223 (Pa.Super. 1995)). Although, there is no set time period in which a petition to open must be filed, "the court must consider the length of time between the discovery of the entry of default judgment and the reason for delay." **Id.** (quoting **Castings**, 663 A.2d at 223). "Excusable negligence must establish an oversight rather than a deliberate decision not to defend." **Seeger v. First Union Nat'l Bank**, 836 A.2d 163, 167 (Pa.Super. 2003) (quoting **Duckson v. Wee Wheelers, Inc.**, 620 A.2d 1206, 1211 (Pa.Super. 1993)). Finally, a meritorious defense is one "that if proved at trial would justify relief." **Id.** (quoting **Penn-Delco**, 745 A.2d at 19). Even if an appellant has a meritorious defense to the allegation in the original complaint, all three prongs must be met before default judgment is opened. **Id.**

Strategies contends that it met the first prong regarding timeliness of its petition to open default judgment because (1) it was not a defendant in Titan's original complaint and (2) Titan did not properly serve the complaint. Strategies' Br. at 6. The trial court found that Titan "named both Media and Strategies as the defendant" in the complaint, that Strategies had received

adequate notice, and that it had been afforded due process. Opinion, 5/31/16, at 2 ("1925(a) Op."). We discern no abuse of discretion because, as the trial court noted, "although [the complaint] treated [Strategies and Media] as pseudonyms rather than separate entities[,]" Strategies was named in the complaint. 1925(a) Op. at 2. Further, a member of Strategies was served with the complaint at Strategies' office on December 8, 2015[6] and the notice of default was sent to Strategies' office. **See** Affi./Re. of Service, filed 12/8/15.

Further, the trial court did not abuse its discretion when it found that Titan's manner of service did not deny Strategies due process. As the trial court stated, "[d]ue process requires notice and an opportunity to be heard." 1925(a) Op. at 2. "Notice should be reasonably calculated to inform interested parties of the pending action, and the information necessary to provide an opportunity to present objections." **Pa. Coal Mining Ass'n v. Ins. Dep't**, 370 A.2d 685, 692-93 (Pa. 1977). Service of a complaint, which included Strategies as a "doing-business-as" entity, on a person connected to both Strategies and Media[7] at Strategies' place of business was

---

[6] Strategies does not contend that the address where the complaint and notice of default were sent is incorrect. As the trial court noted, "th[e] contract lists Strategies' office as Media's own, so the confusion regarding which entity is the proper party appears to predate the complaint." 1925(a) Op. at 2.

[7] **See supra** note 2.

*(Footnote Continued Next Page)*

sufficient to put it on notice of the pending action and contained sufficient information to allow Strategies to present objections.

Accordingly, Strategies received notice of default judgment on December 23, 2015. Strategies failed to respond to the notice of default and, on January 7, 2016, the prothonotary entered default judgment. It was not until March 31, 2016, approximately three months after Strategies first received notice of default judgment, that it filed its petition to open default judgment. While there is no set time period within which a motion to open must be filed, this Court has previously held that a petition filed less than three months between notice of entry of judgment and the filing of a petition was not promptly filed. **See Mallory**, 982 A.2d at 995 (holding petition to open default judgment filed approximately 82 days after notice of default had been entered was not prompt). We conclude that the trial court did not err when it found that Strategies did not file a timely petition.[8]

Next, Strategies contends that it has a reasonable excuse for failing to file a responsive pleading because service was defective. Strategies' Br. at 10. The trial court found Strategies did not have a reasonable excuse,

*(Footnote Continued)* ———————————

[8] Strategies argues it only had notice of the default judgment when Titan garnished its bank account; however, Strategies had notice when the notice of default was sent to its place of business. **See Mallory**, 982 A.2d at 995 (stating for purposes of timeliness we look at "the date that notice of the entry of the default judgment is received") (quoting **Castings**, 663 A.2d at 223).

- 6 -

1925(a) Op. at 2, and, because the trial court reasonably concluded that Strategies had sufficient notice, we conclude that the trial court did not abuse its discretion in reaching its decision.

Lastly, Strategies maintains that it has a meritorious defense because it was not a party to the contract attached to the complaint. ***Id.*** at 9. This Court has previously held that an allegation that one is not a party to a contract is a meritorious defense. ***See ABG Promotions***, 834 A.2d at 618 (holding if Parkway proved its defense at trial, that it was a third-party beneficiary and not a party to the contract, it would have a meritorious defense). The trial court found that, although Strategies had a potentially meritorious defense, it was not entitled to relief because it had failed to meet the other two prerequisites for opening default judgment. 1925(a) Op. at 1-2. The trial court did not commit an abuse of discretion because all three prongs must be met before opening default judgment. ***See Seeger***, 836 A.2d at 167.

Strategies failed to timely file its petition to open default judgment and offered no reasonable excuse for its failure to answer. Therefore, the trial court did not abuse its discretion in denying Strategies' petition to open default judgment.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>12/23/2016</u>