J. S67013/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THE PHILLIES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| REGIONAL RESOURCES, | : | |
| MANAGEMENT, INC., AND | : | |
| JOSEPH S. SIMONE, | : | No. 445 EDA 2016 |
| | : | |
| Appellants | : | |

Appeal from the Order, January 27, 2016,
in the Court of Common Pleas of Philadelphia County
Civil Division at No. 001991

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J. AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED FEBRUARY 22, 2017**

Regional Resources Management, Inc. and Joseph S. Simone, Jr. ("Simone"), appeal the order of the Court of Common Pleas of Philadelphia County that denied their petition to strike or open default judgment.

The facts, as recounted by the trial court, are as follows:

> On February 16, 2015, Appellee, the Phillies, sued Appellants for an aggregate unpaid contract balance of $152,339.00 for a partial suite license, Diamond Club seating, season tickets, and other amenities.  The Complaint raised counts of Breach of Contract, Breach of Promise, and Unjust Enrichment.  The Complaint included contracts for a suite license agreement signed by Regional Resources Management, Inc. through its representative, Joseph Simone at the address "PO Box 597, Voorhees, NJ 08043;" and a standard season ticket agreement

---

* Former Justice specially assigned to the Superior Court.

signed by Joseph S. Simone Jr. at the address "Regional Resources Inc. PO Box 597, Voorhees, NJ 08043." *See* Complaint, "Exhibit A" and "Exhibit B."

On February 27, 2015, Appellee filed an Affidavit of Service stating that Regional Resources Management, Inc. a/k/a Regional Resources, Inc., had been served by personal service and that the Complaint had been served upon Angela Decker, an authorized agent, at 1307 White Horse Road, Bldg. D., Voorhees, NJ, 08043, on February 20, 2015, at 10:20 a.m.

On February 27, 2015, Appellee filed an Affidavit of Service stating that Joseph S. Simone, Jr., had been served by personal service and that the Complaint had been served upon Angela Decker, an authorized agent, at 1307 White Horse Road, Bldg. D., Voorhees, NJ, 08043, on February 20, 2015, at 10:20 a.m.

On April 10, 2015, Appellee filed a Praecipe for Entry of Default Judgment against Appellants in the amount of $157,202.43.[1]

On October 13, 2015, Appellee filed a Praecipe to Issue a Writ of Attachment.

On November 19, 2015, Appellants filed a Petition to Open Judgment. Appellants argued that the Suite License agreement was between Appellee and Regional Resources Management, only, and that this entry of judgment "constituted a fatal defect in the record" which required that judgment be stricken as against Regional Resources Energy Group, Regional Resources, Inc., and Joseph S. Simone, Jr. Additionally, Appellants argued that the entities were not parties to the contract and that this constituted grounds to open the default judgment, as it was a meritorious defense. The Petition also included an affidavit from Joseph S. Simone, Jr., which stated the following: Regional Resources, Inc., does not

---

[1] This amount included interest and costs for the Sheriff.

exist; Regional Resources Energy Group is a limited liability company separate and apart from Regional Resources Management, Inc.; that Regional Resources Management, Inc., entered into a suite license agreement, had a Diamond Club Ticket Purchase Agreement, and purchased season tickets; that at the time judgment was entered, Simone was "unable to afford counsel to represent [him] or any other entity . . . and instead contacted plaintiff to discuss a potential resolution of the matter. . . ."

On December 9, 2015, Appellee filed an Answer in Opposition to Appellants' Petition to Open Judgment, Appellee argued that all Appellants had known about the lawsuit since February of 2015; that they were notified on April 10, 2015 that a default judgment was taken against them; and that Appellants had not provided a reasonable explanation [for their failure] to respond to the Complaint in a timely fashion. The Answer noted that the Agreement was entered into with Regional Resources Management, Inc., a/k/a Regional Resources Energy Group, a/k/a Regional Resources, Inc., and that the purchase agreement was entered into by Joseph Simone, and that the signature box was signed in an individual capacity by Joseph Simone. Appellee noted that it sued Regional under the Suite Licensing Agreement, Simone under the Ticket Purchase Agreement, Simone for season tickets and parking, Regional for breach of promise and guaranty, and all Appellants for unjust enrichment in the amount of the balance due. Appellee argued that it was not improper, under Pennsylvania law, to sue Appellants under fictitious names, that all Appellants used and benefited from the suite, tickets, etc., and that all Appellants were sued under the unjust enrichment claim.

On January 27, 2016, this court denied Appellants' Petition.

On January 28, 2016, Appellants filed a timely Notice of Appeal to the Superior Court of Pennsylvania.

Trial court opinion, 4/5/16 at 1-3.

On appeal, appellants raise the following issues for this court's review:

1. Did the trial court err in refusing to strike a default judgment when the judgment was defective on its face because the [appellants] were not a party to the agreement on which the judgment rests?

2. Did the trial court err in refusing to open a default judgment when the [appellants] presented a meritorious defense at the opening of the execution proceedings and immediately upon being able to afford representation, and the facts in question are sufficient to present to a jury?

3. Is a court required under Pa.R.C.P. 206.6, when adopted through the local rules of civil procedure of that county, to abide by the language of the rule and issue a rule to show cause as of course upon the filing of a petition?

Appellants' brief at 2.

Initially, appellants contend that the trial court erred when it refused to strike the default judgment because the appellants were not party to the agreement upon which the judgment rested, which rendered the record fatally defective. Appellants argue that the default judgment exists solely as a result of an improperly pleaded complaint because the Suite License Agreement in question was executed between Regional Resources Management, Inc., and appellee and not the other entities. Appellants also argue that the trial court erred when it found that because Simone signed the Suite License Agreement, Simone was *de facto* personally liable even if

he did not sign in his personal capacity. According to appellants, Regional Resources Management, Inc. was the only party to execute the Suite License Agreement with appellee so that this court should reverse the trial court's order because of a plainly defective record and strike the judgment as to Regional Resources Energy Group and Simone.

> With regard to a motion to strike a default judgment, [a] court may only look at the facts of record at the time judgment was entered to decide if the record supports the judgment. A petition to strike does not involve the discretion of the court. A petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. Matters outside of the record will not be considered, and if the record is self-sustaining, the judgment will not be stricken.
>
> ***Aquilino v. Phila. Catholic Archdiocese***, 884 A.2d 1269, 1280 (Pa.Super. 2005). "A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record." ***U.S. Bank, N.A. v. Mallory***, 982 A.2d 986, 991 (Pa.Super.2009) (quoting ***Cintas Corp. v. Lee's Cleaning Servs.***, 549 Pa. 84, 89-90, 700 A.2d 915, 917 (1997)). "Where a fatal defect or irregularity is apparent from the face of the record, the prothonotary will be held to have lacked the authority to enter [a] default judgment and the default judgment will be considered void." ***Id.***

***Wells Fargo Bank, N.A. v. Lupori***, 8 A.3d 919, 920-921 (Pa.Super. 2010).

Where a complaint contains averments sufficient to sustain an action, a petition to strike a judgment must be denied. ***Kazanjian v. Cohen***, 103 A.2d 491, 493 (Pa.Super. 1954). If the truth of the factual averments

contained in the record is disputed, then the recourse is a petition to open the judgment not to strike. **Resolution Trust Corp. v. Copley Qu-Wayne Assocs.**, 683 A.2d 269 (Pa. 1996).

Here, averments were contained in the complaint that Regional Resources Management, Inc., was also known as Regional Resources Energy Group and that Simone was a party to the contract and enjoyed the benefits of the contract. Further, the complaint contained averments that all of the named defendants were unjustly enriched as they all used and enjoyed the services without paying appellee the amount owed of $152,339. This challenge to the factual averments of the complaint is not properly raised in a motion to strike as it does not challenge a defect on the face of the record. **See Green Acres Rehab. & Nursing Ctr. v. Sullivan**, 113 A.3d 1261, 1271 (Pa.Super. 2015).

Similarly, appellants' claim that it is improper for appellee to obtain a judgment against Regional Resources Management, Inc., and the additional "also known as" names attacks the factual averments made in the complaint. As appellants failed to answer the complaint and challenge these averments, they are now taken as true. **Id.** Once again, appellants failed to allege a defect on the face of the record. The trial court did not err when it denied the motion to strike.

Appellants next contend that the trial court erred when it denied the petition to open the default because appellants presented their argument at

the opening of the execution proceedings and as soon as they were able to afford representation, they presented a meritorious defense of lack of contractual privity, and the facts in question were sufficient to present to a jury.

A petition to open judgment is an appeal to the equitable powers of the court. *First Seneca Bank & Trust Co. v. Laurel Mountain Dev. Corp.*, 485 A.2d 1086, 1088 (Pa. 1984):

> [The grant or denial of a motion to open judgment] is committed to the sound discretion of the hearing court and will not be disturbed absent a manifest abuse of that discretion. Ordinarily, if a petition to open a judgment is to be successful, it must meet the following test: (1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense. However, where the party seeking to open a judgment asserts that service was improper, a court must address this issue first before considering any other factors. If valid service has not been made, then the judgment should be opened because the court has no jurisdiction over the defendant and is without power to enter a judgment against him or her. In making this determination, a court can consider facts not before it at the time the judgment was entered. Thus, if a party seeks to challenge the truth of factual averments in the record at the time judgment was entered, then the party should pursue a petition to open the judgment, not a petition to strike the judgment.

*Cintas Corp.*, 700 A.2d at 919 (citations omitted).

The timeliness of the petition is "measured from the date that the notice of the entry of default judgment is received." ***Castings Condominium Assoc. v. Klein***, 663 A.2d 220, 223 (Pa.Super. 1995).

Here, default judgment was entered on April 10, 2015. Appellants filed the petition to open on November 19, 2015, over seven months after the entry of judgment. While there is no bright line as to what constitutes a "promptly filed petition," the trial court noted that prompt and timely filings are generally less than a month. The trial court did not err when it ruled that the petition to open, filed more than seven months after entry of the default judgment, was not promptly filed.[2]

Appellants next contend that the trial court abused its discretion when it failed to issue a rule to show cause under Rule 206.6 of the Pennsylvania Rules of Civil Procedure as adopted by the Court of Common Pleas of Philadelphia County. Specifically, appellants assert that the trial court abused its discretion by not holding a hearing or at least ordering depositions.

Pennsylvania Rule of Civil Procedure 206.4(a)(1) provides, "[e]xcept as provided by subparagraph (2), a petition shall proceed upon a rule to show cause, the issuance of which shall be discretionary with the court as provided by Rule 206.5 unless the court by local rule adopts the procedure

---

[2] Because the petition was not timely filed, this court need not address the remaining two prongs of the test for granting a petition to open a default judgment.

of Rule 206.6 providing for issuance as of course." Pa.R.C.P. 206.4(a)(1). The Court of Common Pleas of Philadelphia County adopted Local Rule 206.4 which adopted the procedure of Pennsylvania Rule of Civil Procedure 206.6[3] for all petitions filed pursuant to Pa.R.C.P. 206.1 *et seq.*, such that upon the filing of a petition, the motion court clerk shall issue a rule to show cause on behalf of the court.

Here, no rule to show cause was issued, but appellee was directed to file an answer and did so. Although appellants argue that they were entitled to discovery to determine whether there was the unjust enrichment claimed by appellee and were entitled to discovery on the "a/k/a" allegation that, they claim, was the heart of appellee's case, this court does not agree. The trial court could and did determine that the petition to open was untimely without the benefit of a hearing or discovery. It would make no sense for the trial court to prolong the proceedings by granting a discovery request when the underlying petition is untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2017

---

[3] This rule states that a rule to show cause should be issued as of course and shall direct that an answer be filed to the petition within twenty days.

- 9 -