William **HIMMELREICH**

v.

**HOSTETTER FARM SUPPLY, INC., Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 24, 1997.
Filed Oct. 31, 1997.
Reargument Denied Jan. 13, 1998.

Barbara S. Magen, Philadelphia, for appellant.

Charles I. Himmelreich, Harrison City, for appellee.

Before CAVANAUGH, TAMILIA and HUDOCK, JJ.

TAMILIA, Judge:

Appellant takes this interlocutory appeal as of right from the trial court's November 26, 1996 Order which denied its petition for relief from default judgment. Pa.R.A.P. 311(a)(1). A motion for reconsideration was filed by appellant, but the trial court did not rule upon that motion within thirty (30) days after entry of its November Order. As such, a timely notice of appeal was filed by appellant prior to the disposition of the motion for reconsideration, in accordance with the procedure provided in the notes accompanying Pa.R.A.P. 1701(b)(3).[1]

Appellant argues the trial court erred and abused its discretion in denying its petition because the requirements of Pa.R.C.P. 237.3, **Relief from Judgment of Non Pros or by Default**, were met by appellant justifying the opening of the judgment. Rule 237.3 provides:

(a) A petition for relief from a judgment of non pros or of default entered pursuant to Rule 237.1 shall have attached thereto a verified copy of the complaint or answer which the petitioner seeks leave to file.

(b) If the petition is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense.[2]

Pursuant to subsection (a), appellant asserts he attached to his petition a verified answer with new matter to plaintiff's amended complaint. Also, he asserts the default judgment

---

1. The better procedure under this rule will be for a party seeking reconsideration to file an application for reconsideration below and a notice of appeal, etc. If the application lacks merit the trial court or other government unit may deny the application by the entry of an order to that effect or by inaction.

Pa.R.A.P. 1701(b)(3) note.

2. Rule 237.3 does not change the law of opening judgments. Rather, the rule supplies two of the three requisites for opening such judgments by presupposing that a petition filed as provided by the rule is timely and with reasonable explanation or legitimate excuse for the

was entered on the docket on October 22, 1996, and his petition for relief from default judgment was filed on October 24, 1996; well within the ten-day requirement of subsection (b). Finally, appellant states the requirement of subsection (b), that a meritorious defense be stated, was satisfied as "[i]t is apparent that defendant's answer with new matter to plaintiff's amended complaint, defendant's petition for relief from default judgment, defendant's motion for reconsideration and defendant's amended answer to plaintiff's amended complaint all set forth a meritorious defense." (Appellant's brief, p. 14.)

The trial court examined the petition and concluded that, while it had been filed within the ten-day period required by Rule 237.3, denial of the petition was required based upon appellant's general denial of the allegations contained in the amended complaint. The requirement that a meritorious defense be stated in the proposed answer, Pa.R.C.P. 237.3(b), was not satisfied by the general denial, according to the trial court, because a defense must be set forth in "precise, specific and clear terms." (Slip Op., Spicer, J., 11/26/96, pg. 3, quoting Castings Condominium Association, Inc. v. Klein, 444 Pa.Super. 68, 74, 663 A.2d 220, 224 (1995)).

This Court has outlined our standard and scope of review on appeal from a trial court's grant or refusal to open a judgment by default in Fusco v. Hill Financial Sav. Assn., 453 Pa.Super. 216, 683 A.2d 677 (1996).

> A petition to open a default judgment is an appeal to a court's equitable powers and the trial court's disposition of the petition will not be disturbed absent an error of law or an abuse of discretion. Deer Park Lumber, Inc. v. Major, 384 Pa.Super. 625, 559 A.2d 941 (1989).

Id. at 220, 683 A.2d at 679–80.

After our thorough review of the record, we find that a meritorious defense was asserted by appellant. While a general denial to the allegations of appellee's amended complaint is contained in the proposed Answer attached to the petition, the petition itself sets forth a specific defense. Namely,

9. This case involves cultivation of soil by the Defendant on property adjacent to the Plaintiff in May and June, 1996.

10. The crux of Plaintiff's Complaint is that Defendant improperly applied farming chemicals to the farmland which it was hired to cultivate, but those chemicals and other property, as a result of the incredibly heavy rainstorms of the summer of 1996, caused damage to the adjacent property of Plaintiff.

11. Although the new pleading rules obviate some details, it is obvious that Defendant has meritorious defenses to the present action. First, Defendant contends that it was not negligent in the application of chemicals, and otherwise cultivating the fields adjacent to the Plaintiff. Further, and most obvious, is the fact that the proximate cause of any damage to the Plaintiff's property was as a result of the unforeseeable floods which occurred in the area, and not any actions or inactions by Defendant.

Petition for Relief from Default Judgment, Record # 19. Just as this Court found in Alba v. Urology Associates of Kingston, 409 Pa.Super. 406, 598 A.2d 57 (1991), a meritorious defense is alleged where it is asserted that plaintiff's injury is not the result of defendant's negligence, and that the injuries complained of occurred as a result of an unforeseeable event.

The trial court's conduct of looking exclusively to the answer attached to appellant's petition to open for the assertion of a meritorious defense is an overly strict interpretation of Pa.R.C.P. 237.3, which must be "liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding", Pa.R.C.P. 126, and which "does not change the law of opening judgments." Pa.R.C.P. 237.3 note. Case law concerning the opening of default judgments demonstrates that the assertion of a meritorious defense may be found in the petition rather than in the attached answer. See Castings Condominium Ass'n, Inc. v. Klein, 444 Pa.Super. 68, 663 A.2d 220 (1995). Therefore, because a meritorious defense

inactivity or delay resulting in the entry of the judgment.

Pa.R.C.P. 237.3 note.

was asserted by appellant in its petition, and because the other requirements of Rule 237.3 were met, the trial court abused its discretion in failing to open the default judgment.

Order reversed. Case remanded for proceedings consistent with this Opinion.

Jurisdiction relinquished.