J-A25035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SKANSKA USA BUILDING INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| UNIVERSAL CONCRETE PRODUCTS | : | |
| CORP. | : | |
| | : | No. 384 EDA 2017 |
| Appellant | : | |

Appeal from the Order December 15, 2016
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 16-20521

BEFORE: OTT, J., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.:                  **FILED FEBRUARY 20, 2018**

Universal Concrete Products Corp. ("Universal") appeals from the order entered December 15, 2016, denying its petition for relief from a default judgment entered by Skanska USA Building Inc. ("Skanska"). On October 25, 2016, the trial court entered a default judgment in the amount of $354,373.13, in favor of Skanska and against Universal when Universal failed to respond to Skanska's complaint seeking damages for, *inter alia*, breach of warranty. On appeal, Universal contends the trial court erred or abused its discretion in denying its request to open or strike the default judgment. For the reasons below, we affirm.

---

* Former Justice specially assigned to the Superior Court.

The facts and procedural history underlying this appeal are aptly summarized by the trial court as follows:

> The instant dispute arises from a written contract entered into by [Skanska] as General Contractor and [Universal], as Subcontractor, on December 3, 2007, for the construction of a new 237-bed medical facility, in Hopewell, New Jersey, for the sum of [$1,410,000.00]. On February 18, 2015, [Skanska] observed and notified [Universal] of certain defective conditions involving brick [Universal] had installed. On May 19, 2015, [Universal] disclaimed responsibility and warranty obligations with regard to these defects. On August 22, 2016, [Skanska] filed the underlying four-count Complaint, sounding in breach of contract and warranties, and indemnification. Paragraph one of the Complaint succinctly summarizes the claim and remedy sought:
>
>> This lawsuit arises from Universal's failure to honor its contractual obligations and fix a defective parapet that it proposed, designed, furnished, and installed at a hospital. Although Universal was first notified of the deficiencies in its work on February 18, 2015, Universal disclaimed its responsibilities and refused to remedy the dangerous condition, which included pieces of bricks falling from the roof level, that threatened the hospital's patients, employees, and other visitors. In light of Universal's failure to honor its contractual obligations, Skanska exercised its contractual rights and had the repair work performed by another subcontractor. This action seeks to recover those expenses and related costs from the responsible party-Universal.
>
> [Skanska's] Complaint included the requisite Notice to Defend mandated by Pa.R.C.P. 1018.1, advising [Universal] to take action in response to the Complaint within twenty (20) days of service.
>
> [Skanska] effectuated personal service of the Complaint, by the Montgomery County Sheriff's Office, on [Universal] on August 31, 2016 at 10:18 am, at [Universal's] address of record. On September 21, 2016, after having received no response from [Universal], [Skanska] served [Universal] with a 10-day Notice, pursuant to Pa.R.C.P. 237.1, of its intent to seek entry of default judgment. Despite the 10-day Notice, [Universal] again failed to respond. Therefore, on October 25, 2016, upon praecipe of

[Skanska], the Prothonotary entered default judgment against [Universal] in the amount of $354,373.13.

On October 28, 2016, counsel entered his appearance on behalf of [Universal] and filed [Universal's] Petition for Relief from Judgment Per Rule 237.3, attaching thereto [Universal's] Answer and New Matter.

****

On the cover sheet to said Petition mandated by Montgomery County Local Rule of Civil Procedure 205.2(b), [Universal] neither requested discovery nor argument. As a matter of course, the Court Administrator issued a Rule to show Cause on November 1, 2016, directing [Skanska] to file an answer to [Universal's] Petition on or before December 5, 2016. In conformity with the Rule to Show Cause, [Skanska] timely filed a Response to the Petition. Thereafter, as previously set forth, the Court denied [Universal's] Petition by Order dated December 15, 2016.

A week after this Court's final Order, on Christmas Eve, [Universal] filed for the first time a Motion to Reconsider to which [Skanska] aptly responded, reiterating [Universal's] failure to meet its burden by virtue of its bald Petition and boilerplate responsive pleadings setting forth only blanket conclusions of law and general denials. On January 13, 2017, [Universal] filed a Petition to Strike Default Judgment ("Second Petition") at 3:19 pm, and an Amended Petition to Open Default Judgment Nunc Pro Tunc ("Third Petition") at 3:41 pm. At 4:12 pm, [Universal] filed a timely Notice of Appeal of the Court's Order dated December 15th, thereby divesting this Court of jurisdiction to entertain either Petition, impermissibly filed in any event.

Trial Court Opinion, 5/19/2017, at 1-4 (footnotes and record citations omitted).[1]

In its first issue on appeal, Universal argues the trial court erred or abused its discretion in denying Universal's petition to open the default

---

[1] On January 24, 2017, the trial court ordered Universal to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Universal complied with the court's directive and filed a concise statement on February 10, 2017.

- 3 -

judgment. Specifically, Universal contends its answer adequately denied the factual allegations in Skanska's complaint, thereby constituting a meritorious defense to the action, and its new matter set forth a valid statute of limitations defense.

Our review of an order denying a petition to open a default judgment is well-settled:

> A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.

***Green Acres Rehab. & Nursing Ctr. v. Sullivan***, 113 A.3d 1261, 1270 (Pa. Super. 2015) (quotation omitted). Generally, a trial court will open a default judgment if the defendant has:

> (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint.

***US Bank N.A. v. Mallory***, 982 A.2d 986, 994–995 (Pa. Super. 2009). However, Pennsylvania Rule of Civil Procedure 237.3 provides "[i]f the petition is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed … answer states a meritorious … defense." Pa.R.C.P. 237.3(b). Accordingly, where, as here, the defendant petitions to open the judgment during the requisite 10-day period, it need not provide an excuse for its late filing, but rather, simply set forth a meritorious defense.

Furthermore, this Court has explained:

"The requirement of a meritorious defense is only that a defense must be pleaded that if proved at trial would justify relief." **Provident Credit Corporation v. Young**, 300 Pa.Super. 117, 446 A.2d 257, 262 (1982) (citation omitted). "The defendant does not have to prove every element of [its] defense, however, [it] must set forth the defense in **precise, specific and clear terms**." **Castings Condominium Association v. Klein**, 444 Pa.Super. 68, 663 A.2d 220, 224 (1995) (citation omitted).

**Penn-Delco Sch. Dist. v. Bell Atl.-Pa, Inc.**, 745 A.2d 14, 19 (Pa. Super. 1999) (emphasis supplied), *appeal denied*, 795 A.2d 978 (Pa. 2000). General assertions of a viable defense, conclusions of law, and challenges to the plaintiff's proof are insufficient to set forth a meritorious defense. **See Smith v. Morrell Beer Distributors, Inc.**, 29 A.3d 23, 28 (Pa. Super. 2011) (finding defendant failed to "set forth a meritorious defense supported by verified allegations of fact" when petition contained only "conclusions of law and challenges to [plaintiff's] proof").

Here, there is no dispute Universal filed its petition for relief within 10 days after the entry of the default judgment. However, the trial court determined Universal failed to set forth a meritorious defense in either its petition or attached answer with new matter. First, the court found Universal's answer consisted "nearly entirely of admissions and general denials," so much so that Universal admitted it "entered into and breached the underlying construction agreement, and related warranties; and [Skanska] is entitled to indemnification." Trial Court Opinion, 5/19/2017, at 13-14, 15 (footnote omitted), *citing* Pa.R.C.P. 1029. Furthermore, the court concluded Universal's

bald assertions in its new matter that Skanska failed to state a claim for which relief could be granted and that Skanska's claims "may" be barred by the statute of limitations, did not contain sufficient factual allegations to warrant relief. *See id.* at 15-16. The court stated: "[T]o preserve the basis for a meritorious defense, the rules require a respondent in [Universal's] position to respond with specificity and plead its new matter with the same specificity and detail as that which is required for the averments in a complaint." *Id.* at 17. Finding Universal failed to state a meritorious defense in either its petition, or answer with new matter, the trial court denied the petition to open the default judgment.[2]

Universal first argues the trial court erred by misapplying Pennsylvania Rule of Civil Procedure 1029, and concluding its responses constituted admissions to the allegations in Skanska's complaint. *See* Universal's Brief at 17.

_____

[2] We note the trial court stated it did not consider either the petition to strike or the amended petition to open which were filed the same day as, and just one hour before, the notice of appeal. *See* Trial Court Opinion, 5/19/2017, at 5-6. Indeed, once Universal filed a notice of appeal, the trial court no longer had jurisdiction to take any action in the matter. *See* Pa.R.A.P. 1701(a). Accordingly, we agree these two belated petitions are legal nullities.

Rule 1029 mandates "[a] responsive pleading shall admit or deny each averment of fact in the preceding pleading or any part thereof to which it is responsive." Pa.R.C.P. 1029(a). The rule further provides:

(b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivisions (c) and (e) of this rule, shall have the effect of an admission.[3]

(c) A statement by a party that after reasonable investigation the party is without knowledge or information sufficient to form a belief as to the truth of an averment shall have the effect of a denial.

(d) Averments in a pleading to which no responsive pleading is required shall be deemed to be denied.

Pa.R.C.P. No. 1029 (b)-(d).

Universal contends it appropriately denied all the allegations in Skanska's complaint. It insists the "so-called 'admissions' cited by the Trial Court in its opinion are legal conclusions to which no response is required under Rule 1029(d)[.]" Universal's Brief at 19. Further, Universal maintains Rule 1029 does not require it to provide detailed information explaining why it did not breach the parties' contract or warranty obligations; rather, "it is Skanska's burden to establish a breach." *Id.* at 20.

Both the trial court and Universal focus on the pleading requirements of Rule 1029. While we agree with the court's conclusion that several of

---

[3] Subsection (e) applies only to responses in tort cases, and, as Universal admits, "is not pertinent to this action." Universal's Brief at 18 n.4.

Universal's general denials were insufficient to deny the factual allegations in Skanska's complaint,[4] the overriding defect in Universal's response is its failure to set forth a meritorious defense in "precise, specific and clear terms" in either its petition or attached answer.[5] **Penn-Delco**, **supra**, 745 A.2d at 19.

First, Universal's petition for relief failed to set forth a meritorious defense. In the only paragraph in which Universal addressed this requirement, it averred the "verified Answer with New Matter attached hereto as Exhibit 'A' states numerous meritorious defenses." Petition for Relief from Judgment per Rule 237.3, 10/28/2016, at ¶ 6. This Court has stated:

> Merely asserting in a petition to open default judgment that one has a meritorious defense is insufficient. The moving party must set forth its meritorious defense.

---

[4] In particular, Skanska averred in paragraphs 30 and 31 of its complaint that Universal breached the parties' contract when it "proposed, designed, and furnished defective and/or improperly installed the 90 degree return bricks" and that Universal "failed to honor and comply with its representations, assurances, warranties and promises." Complaint, 8/22/2016, at ¶¶ 30-31. In its answer to both paragraphs, Universal stated:

> Denied. The averments of this paragraph are conclusions of law to which no responsive pleading is required with strict proof demanded at trial. To the extent a factual response is required, the averments of this paragraph are specifically denied.

Petition for Relief from Judgment per Rule 237.3, 10/28/2016, Exhibit A, Answer and New Matter, at ¶¶ 30-31. Universal's failure to specifically deny the factual allegations in these paragraphs constitutes an admission under Rule 1029(b).

[5] It is axiomatic that we may affirm the decision of the trial court on any basis. **Ferrick v. Bianchini**, 69 A.3d 642, 654 n.10 (Pa. Super. 2013).

*Seeger v. First Union Nat. Bank*, 836 A.2d 163, 166 (Pa. Super. 2003) (citations omitted). *See also Smith*, *supra*, 29 A.3d at 28 (finding defendants' allegation that they "have a strong defense" and it is "highly likely" the plaintiff will not prevail, "does not set forth a meritorious defense supported by verified allegations of fact."); *Castings Condo. Ass'n, Inc. v. Klein*, 663 A.2d 220, 224 (Pa. Super. 1995) (finding defendant's averment that she "has a meritorious defense to the Complaint" and summary denial of any wrongdoing, insufficient to establish a meritorious defense). Here, Universal failed to state the factual basis for its purported defenses in its petition to open, but rather, merely averred it had a meritorious defense. Accordingly, considering only the petition for relief, Universal's claim necessarily fails.

Nevertheless, because Universal attached an answer with new matter to its petition, we must also determine whether that pleading stated a meritorious defense. *See* Pa.R.C.P. 237.3(b). We agree with the trial court's determination that it did not.

Our review reveals Universal's answer summarily denied the allegations in Skanska's complaint. While such a response might be an appropriate reply under Rule 1029,[6] here, Universal was not merely responding to Skanska's complaint. Rather, because it failed to file a timely response to the complaint, a default judgment was entered, and, consequently, Universal was required

---

[6] *See supra*, at 8 n.4.

to set forth a meritorious defense, "*i.e.*, allegations of fact, that, if proven at trial, would entitled [Universal] to relief[.]" **Smith**, **supra**, 29 A.3d at 28. Universal's simple denial of the facts alleged in Skanska's complaint, and its demand for strict proof at trial, do not satisfy its burden under Rule 237.3 and its progeny.[7] Conversely, Universal was required to provide a factual context for a defense that "if proved a trial would justify relief." **Penn-Delco Sch. Dist.**, **supra**, 745 A.2d at 19.[8]

Universal also contends, however, it sufficiently proffered a statute of limitations defense in its new matter which, if proven, would justify relief. **See** Universal's Brief at 24-28. Count 56 in Universal's new matter states: "[Skanska's] claims may be barred, in whole or in part, by the applicable

_____

[7] The majority of Universal's argument on appeal centers upon the propriety of its answer, and its insistence that liability is dependent upon a legal determination, namely, an interpretation of the parties' contract. **See** Universal's Brief at 17-23. In doing so, Universal focuses on Skanska's purported failure to carry its burden of proof, rather than Universal's own failure to state a defense to the claims.

[8] We note Universal cites this Court's decision in **Himmelreich v. Hostetter Farm Supply**, 703 A.2d 478 (Pa. Super. 1997), to support its argument that its denial of Skanska's claims "constitutes a meritorious defense sufficient to open a default judgment under Rule 237.3(b)." Universal's Brief at 23. However, that decision actually supports the trial court's ruling. The **Himmelreich** Court found that while the defendant's proposed answer only contained a "general denial to the allegations of [the plaintiff's] amended complaint … the petition itself set forth a specific defense." **Himmelreich**, **supra**, 703 A.2d at 479. The court proceeded to cite factual allegations set forth in the defendant's petition to open supporting the defendant's claim that it did not act negligently, and that its actions were not the proximate cause of the plaintiff's injuries. **See id.** No such factual allegations appear in the petition before us.

- 10 -

statute of limitations as the Contract at issue was entered on December 3, 2007." Petition for Relief from Judgment per Rule 237.3, 10/28/2016, Exhibit A, Answer and New Matter, at ¶ 56. Universal maintains this pleading reflected "a succinct, precise and sufficient statement" of a limitations defense, which is "virtually *per se* meritorious." Universal's Brief at 25.

The trial court rejected this claim for two reasons. First, it determined Universal failed to state the defense in definite terms because it averred Skanska's claims "'**may**' be barred by the applicable statute of limitations." Trial Court Opinion, 5/19/2017, at 16 (emphasis in original). Second, the trial court found Universal "neither provided any facts to support the statute of limitations claim, nor did it identify the 'applicable' statute of limitations." ***Id.*** (footnote omitted). The court explained Universal's statement that the contract was entered into in 2007, was insufficient to set forth a statute of limitations defense since "it is well-settled that the four-year statute of limitations for contract actions begins to run upon breach" and Skanska clearly averred in its complaint that Universal refused to honor its warranty obligation in May of 2015, only one year before Skanska filed suit. ***Id.*** Therefore, the court found Universal failed to plead a meritorious statute of limitations defense.

We agree with the court's analysis. Paragraph 56 in Universal's new matter provides scant details to support its statute of limitations defense, and, significantly, fails to even state the applicable limitations period. Accordingly, we find no error or abuse of discretion on the part of the trial court in

concluding Universal failed to set forth a meritorious defense in "precise, specific, and clear terms." *Id.* at 17.

With regard to Universal's assertion that the trial court abused its discretion when it failed to allow Universal to amend its petition and answer,[9] we remind Universal that this pleading already constituted a "second chance." Indeed, Universal had to petition to open the judgment after it initially failed to respond to either the complaint, or the 10-day notice of default. The court was not obligated to give Universal yet another opportunity to attempt to avoid the default judgment.[10]

Next, Universal argues the trial court erred or abused its discretion in refusing to strike the default judgment. *See* Universal's Brief at 29-42. Unlike a petition to open, a petition to strike a judgment "does not involve the discretion of the court." *Cintas Corp. v. Lee's Cleaning Services, Inc.*, 700 A.2d 915, 93 (Pa. 1997). Rather, a petition to strike "operates as a demurrer to the record … [and] may be granted only for a fatal defect or irregularity appearing on the fact of the record." *Green Acres*, *supra*, 113 A.3d at 1267

_____

[9] *See* Universal's Brief at 28-29.

[10] As Skanska notes in its appellate brief, the case Universal relies upon for support of its contention that a trial court should "liberally grant leave to amend pleadings," *Mellon Bank, N.A. v. Joseph*, 406 A.2d 1055 (Pa. Super. 1979), "analyzed a timely answer, not an answer filed in conjunction with a petition for relief from a default judgment." Skanska's Brief at 19. Universal had the opportunity to provide factual allegations supporting a meritorious defense in both its petition and answer. Having failed to do so, it was not entitled to a third opportunity.

(citation omitted). Accordingly, a court's scope of review when considering a petition to strike is limited to "what was in the record when the judgment was entered." ***Cintas***, ***supra***, 700 A.2d at 917.

Universal contends the trial court erred by ignoring two fatal defects on the face of the record: (1) the return of service form was deficient, and (2) Skanska failed to join two indispensable parties - Capital Health, the owner of the building, and HKS, the architect of the project. We conclude Universal is entitled to no relief.

Preliminarily, we note the trial court found this issue was waived because it was not raised below. ***See*** Trial Court Opinion, 5/19/2017, at 8. It is true Universal's petition for relief sought only to open the judgment, not to strike it.[11] Nevertheless, although the failure to raise an issue in the trial court generally results in waiver on appeal,[12] Universal correctly states that a challenge to subject matter jurisdiction "may be raised at any stage, even for the first time on appeal." Universal's Brief at 30 (emphasis omitted). ***See DeCoatsworth v. Jones***, 639 A.2d 792, 796 (Pa. 1994) (finding appellate court had jurisdiction to consider motion to strike judgment based upon jurisdictional defect that appeared on the face of the record even after judgment had been affirmed on appeal); ***N. Forests II, Inc. v. Keta Realty***

---

[11] As noted *supra*, Universal's petition to strike filed an hour before its notice of appeal is a legal nullity. ***See supra***, at 6 n.2.

[12] ***See*** Pa.R.A.P. 302(a).

*Co.*, 130 A.3d 19, 28–29 (Pa. Super. 2015) ("The failure to join an indispensable party is a non-waivable defect that implicates the trial court's subject matter jurisdiction" and "should be raised *sua sponte*"), *appeal denied*, 158 A.3d 1237 (Pa. 2016). Accordingly, we decline to find this issue waived.

With regard to the return of service form, Universal argues the form itself is "ambiguous and insufficient, on its face, to establish that Universal received proper service of the Complaint." Universal's Brief at 35. Pursuant to Pennsylvania Rule of Civil Procedure 424, service to a corporation "shall be made by handing a copy to … the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation[.]" Pa.R.C.P. 424(2). In the present case, Universal maintains the return of service form "fails to adequately specify the place of service" because it states only, "As Given." *Id.* Furthermore, while the person served is named (Patty Manwiller), the only description of that person is "PIC." *Id.* at 36. Universal insists that description "fails to adequately explain Manwiller's relationship, if any, to Universal." *Id.* at 36.

As an alternative to its waiver determination, the trial court found the return of service form sufficiently demonstrated Universal was served with the complaint. *See* Trial Court Opinion, 5/19/2017, at 9-10. The court stated:

> Here, the Sheriff's Return demonstrates that [Skanska] effectuated personal service of the Complaint at [Universal's] business address of record (400 Old Reading Pike, Suite 100, Stowe, PA 19464), via Montgomery County Sheriff's Office Deputy Korenkiewicz's service on Patty Manwiller, appropriately identified

- 14 -

on the Return as person in charge ("PIC") on August 31, 2016 at 10:18 am.

*Id.* at 9 (footnote omitted).

Our review of the Sheriff's return, which is included in the certified record, supports the court's findings. It is evident the use of the acronym "PIC" in the space provided for the "Relationship/Position" of the person served stands for "Person in Charge." **See** Montgomery County Sheriff's Office, Order for Service, 8/30/2016. Furthermore, although the "Place of Service" is listed as "As Given," the form clearly requests service upon "Universal Concrete Products, Corp." at an address of "400 Old Reading Pike, Suite 100[,] Stowe, PA 19464." **Id.** Therefore, the return of service, on its face, demonstrates Universal was properly served with the complaint.

Moreover, we note that even if we found the form was incomplete or defective, the Pennsylvania Supreme Court in **Cintas** explained:

> [T]he absence of or a defect in a *return of service* does not necessarily divest a court of jurisdiction of a defendant who was properly served. **Commonwealth ex rel. McKinney v. McKinney**, 476 Pa. 1, 381 A.2d 453 (1977). "[T]he fact of service is the important thing in determining jurisdiction and ... 'proof of service may be defective or even lacking, but if the fact of service is established jurisdiction cannot be questioned.'" **Id.** at 6, 381 A.2d at 455 (quoting **Goodman v. Ancient Order of United Workmen**, 211 Minn. 181, 183-84, 300 N.W. 624, 625 (1941)).

**Cintas**, **supra**, 700 A.2d at 918. In **Cintas**, as here, the return of service form "allege[d] ample facts to show service was proper." **Id.** Furthermore, Universal does not assert it was never served with the complaint. Accordingly, this claim fails.

With regard to the second purported defect on the face of the record, Universal maintains both the building owner, Capital Health, and the architect of the construction project, HKS, are indispensable parties to the litigation. *See* Universal's Brief at 38-42. It insists:

> Capital holds a direct interest in the outcome, as it owns the building that has allegedly suffered damage, and the risk exists that Capital could suffer prejudice if a decision is made in its absence. Similarly, HKS has an interest in the outcome as it was largely responsible for the design of the project and, as a result, could be subject to indemnification or contribution claims. It has an interest in litigating any potential liability in the current action.

*Id.* at 39. Consequently, Universal argues the absence of these potential parties from the face of the record "is a defect that implicates the trial court's subject matter jurisdiction." *Id.* at 42 (internal quotation omitted).

Our review of a claim that the plaintiff failed to join an indispensable party is guided by the following:

A party is indispensable

> when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights. ***City of Phila. v. Commonwealth***, [575 Pa. 542], 838 A.2d 566, 581 (Pa.2003), *quoting* ***Sprague v. Casey***, [520 Pa. 38], 550 A.2d 184, 189 (Pa.1988). 'If no redress is sought against a party, and its rights would not be prejudiced by any decision in the case, it is not indispensable with respect to the litigation.' ***Grimme Combustion, Inc. v.*** *Mergantime [Mergentime] Corp.,* [406 Pa.Super. 620], 595 A.2d 77, 81 (Pa.Super.1991), *citing* ***Sprague****, supra*. We have consistently held that a trial court must weigh the following considerations in determining if a party is indispensable to a particular litigation:
>
> 1. Do absent parties have a right or an interest related to the claim?

2. If so, what is the nature of that right or interest?

3. Is that right or interest essential to the merits of the issue?

4. Can justice be afforded without violating the due process rights of absent parties?

*Martin v. Rite Aid of Pa., Inc.*, 80 A.3d 813, 814 (Pa.Super. 2013); accord *Mechanicsburg Area Sch. Dist. v. Kline*, [494 Pa. 476], 431 A.2d 953, 956 (Pa. 1981). 'In determining whether a party is indispensable, the basic inquiry remains 'whether justice can be done in the absence of a third party.' *Pa. State Educ. Ass'n v. Commonwealth*, [616 Pa. 491], 50 A.3d 1263, 1277 (Pa.2012), quoting *CRY, Inc. v. Mill Serv., Inc.*, [536 Pa. 462], 640 A.2d 372, 375 (Pa. 1994).

*Northern Forests*, *supra*, 130 A.3d at 29, *quoting* *Orman v. Mortgage I.T.*, 118 A.3d 403, 406-407 (Pa. Super. 2015).

Again, we find no relief is warranted. With respect to Capital, the trial court stated the company's "status alone, as the owner of the building on which [Universal] worked as a subcontractor of [Skanska], without more, is insufficient to support [Universal's] claim." Trial Court Opinion, 5/19/2017, at 11. Moreover, the court noted Skanska is seeking reimbursement for "costs it incurred in **remedying** construction defects caused by [Universal] which [Universal] failed to remedy." *Id.* (emphasis supplied) Accordingly, on the face of the record, it appears Capital was made whole by Skanska and does not have an interest in the determination of which party is ultimately responsible for the defect. *See* Complaint, 8/22/2016, at ¶¶ 1, 19.

With respect to HKS, Universal argues "HKS's level of liability exposure depends upon its level of involvement in the design of the parapet bricks and

the 90-degree return." Universal's Brief at 41-42. However, Skanska averred in its complaint that Universal "proposed, designed, furnished, and installed" the flawed parapet. Complaint, 8/22/2016, at ¶ 11. **See also id.** at 12-13. Although Universal offered a general denial of this claim in its answer, and demanded "strict proof" at trial,[13] it did not assert HKS was responsible for the design. Accordingly, our review of the complaint does not support Universal's claim that HKS was an indispensable party to the litigation. If in fact, HKS bears any responsibility, Universal may seek indemnification. Therefore, Universal's second issue fails.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *2/20/2018*

---

[13] **See** Petition for Relief from Judgment per Rule 237.3, 10/28/2016, Exhibit A, Answer and New Matter, at ¶ 11 ("Denied as stated with strict proof thereof demanded at trial."). **See also** id. at ¶¶ 12-13.