J-S05015-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| WBL SPO I, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PMA, LLC | : | |
| | : | |
| Appellant | : | No. 2091 EDA 2025 |
| | : | |

Appeal from the Order Entered June 4, 2025
In the Court of Common Pleas of Monroe County
Civil Division at No(s): 007171-CV-2024

BEFORE:   PANELLA, P.J.E., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED MAY 15, 2026**

PMA, LLC ("PMA") appeals from the order of the Court of Common Pleas of Monroe County denying PMA's petition to strike and/or open default judgment and allowing the default judgment in favor of WBL SPO I, LLC ("WBL") to stand. PMA argues that the trial court erred in failing to strike the default judgment because the notice to enter default judgment was not delivered to its "last known address" in accordance with Pennsylvania Rule of Civil Procedure 440(a)(2)(ii). Regarding its petition to open, PMA argues that the trial court abused its discretion by (1) finding that PMA did not have a reasonable excuse for failing to file a timely responsive pleading to WBL's complaint, (2) finding that the petition did not raise a meritorious defense, (3)

_____

[*] Retired Senior Judge assigned to the Superior Court.

denying it the opportunity to amend its petition to attach its answer and include an additional defense, and (4) failing to consider equitable factors. After careful review, we affirm.

Ben George is the owner and sole proprietor of PMA. George is also the owner of Mash Motor Company, a startup motor vehicle manufacturing company, for which he sought funding. On July 11, 2023, George, on behalf of Mash Motor Company as the borrower, signed a promissory note and security agreement ("Loan Agreement") with World Business Lenders, LLC for a principal loan amount of $355,000. George was the personal guarantor of the Loan Agreement. In the Loan Agreement, Mash Motor Company's principal place of business is identified as 3519 Middle Easton Belmont Pike, Stroudsburg, Pennsylvania 18360 ("3519").

That same day, in conjunction with the Loan Agreement, PMA executed a mortgage, assignment of leases and rents and security agreement ("Mortgage") that granted World Business Lenders, LLC a security interest in the real property at 3527 Middle Easton Belmont Pike, Stroudsburg, Pennsylvania 18360 ("3527"), as collateral for the Loan Agreement. Pursuant to the Mortgage, PMA was required to make weekly payments. The Loan Agreement and Mortgage were later assigned to WBL.

On October 24, 2024, WBL filed a mortgage foreclosure complaint. WBL alleged that PMA defaulted by failing to make payments since July 16, 2024. *See* Complaint, at ¶ 9. The complaint sought an *in rem* judgment in the

- 2 -

amount of $651,309.31, which included the principal amount of $355,000, interest in the amount of $41,374.47, NSF fees in the amount of $35,000, and a pre-payment premium in the amount of $254,899.84, excluding attorneys' fees and costs. *See id.* at ¶ 12

The sheriff's affidavit of personal service stated that PMA was personally served with the complaint on November 6, 2024, at 3527. This was PMA's address on the Mortgage and was also identified as PMA's address in the complaint. PMA contacted WBL's representatives to resolve the matter. The parties never reached an agreement and had no further contact after November 21, 2024. PMA did not file an answer or preliminary objections to the complaint.

On December 4, 2024, WBL filed and served a 10-day notice of intent to enter default judgment, and, on December 17, 2024, it filed and served a *praecipe* for entry of default judgment. Both were sent to PMA at 3527. The prothonotary entered default judgment on December 19, 2024, and sent the notice to PMA at 3527.

George was first notified of the 10-day notice and entry of default judgment by his 3527 tenant on January 8, 2025, and he obtained the mail on January 13, 2025. Eventually George obtained counsel, and PMA filed a petition to strike and/or open the default judgment nearly two months later on March 4, 2025. In its petition, PMA claimed that it was personally served with the complaint at 3519 not 3527. *See* Petition, at ¶ 3. It argued that the

judgment should be stricken or opened, because it did not receive notice of it until "substantially after" its entry, as it was sent to the residence at 3527 instead of the business address at 3519 as required by paragraph 17, subsection (d) of the Promissory Note. ***See id.*** at ¶¶ 17, 26. It also averred that the judgment should be opened since: (1) it had a meritorious defense because WBL "did not include an accounting or evidence of the alleged missed payments leading to the filing of the Complaint[,]" and (2) it had a reasonable explanation for any delay in responding to the complaint because it believed it was not required to do so because of ongoing negotiations between the parties over the debt and it was not aware of the notice to enter default judgment until after the default judgment had been entered. ***Id.*** at ¶ 37; ***see id.*** at ¶ 36. PMA did not attach a copy of its proposed answer to its petition, despite requesting the judgment be stricken or opened so that it could file an answer. ***See id.*** at ¶ 38.

On March 6, 2025, the trial court ordered WBL to show cause why PMA's petition should not be granted. In its answer to the petition, WBL stated that PMA was personally served by the county sheriff at 3527. ***See*** Answer to Petition, at ¶ 3. WBL argued that there was no fatal defect on the face of the record because the 10-day notice and *praecipe* to enter default judgment were both served at the same address where the sheriff personally served PMA. ***See id.*** at ¶ 28. Further, it averred that the judgment should not be opened since: (1) PMA did not raise a meritorious defense because, pursuant to

Pennsylvania Rule of Civil Procedure 1147, the complaint properly accounted for the missed payments, and (2) PMA did not have a reasonable excuse for filing its petition two and a half months after the default judgment was entered. ***See id.*** at ¶¶ 35, 37

On May 29, 2025, the court held a hearing. At the beginning of the hearing, the parties stated their respective positions. The trial court stated that it could rule on the petition to strike based on the record and denied the petition to strike because, since PMA was served with the complaint, it was PMA's burden to correct PMA's address in the complaint if it were incorrect. ***See*** N.T., 5/29/25, at 6-8. Regarding the petition to open, PMA requested to amend its petition to include a breach of contract defense. ***See id.*** at 3-4, 8-12. WBL opposed the motion because it argued that the petition was facially defective since a responsive pleading was not attached and the motion to amend was untimely. ***See id.*** at 11-12. At the end of the hearing the trial court denied PMA's request to amend the petition stating that it in considering the matter it was "to look at the petition as filed on March 4 to determine whether the judgment should be opened, not by a later amendment to that petition[.]" ***Id.*** at 45-46.

George testified that the Loan Agreement listed Mash Motor Company's principal place of business as 3519, and 3527 was identified as an alternative address. ***See id.*** at 19-20. Additionally, the Mortgage stated that all notices

should be sent to 3519. *See id.* at 21-22. On the commercial property, he also owns a residential home occupied by a tenant, which is the 3527 address.

He testified that 3519 and 3527 have separate mailboxes but there is only one front parking lot, the properties are separated by about 150 yards, and to access 3519 it is necessary to go past 3527. *See id.* at 23-24, 26. He claimed that on November 6, 2024, he was at 3519 when he observed the sheriff pull into the front driveway and approach 3527. *See id.* at 25-26. As the sheriff was returning to his vehicle George approached him and was served with the complaint. *See id.* at 26.

Upon receiving the complaint, George contacted WBL's representatives and, over about two weeks, communicated with them to resolve the matter. *See id.* at 27. According to George, WBL's representatives told him to propose a payment plan with an initial cash payment, which he understood to mean around $100,000 to $200,000. *See id.* at 27-28. George last had contact with WBL on November 21, 2024. *See id.* at 28-29. He never proposed a payment plan and did not file an answer to the complaint. *See id.* at 29.

After he received the mail containing the 10-day notice, *praecipe* for default judgment, and notice of the judgment's entry from his tenant in January 2025, he testified that he was hospitalized for a few days for back surgery and was "homebound" and medicated for six weeks. *See id.* at 30-31. He reached out to an attorney he had worked with previously and followed up a few times over a couple weeks but never received a response. *See id.*

at 30. When he started to feel better, around the end of February 2025 or the first couple days of March 2025, he contacted and hired the law firm Newman Williams. *See id.* at 30-32.

He concluded his testimony by claiming that, based on his conversations with WBL in November 2024, he was under the impression that he would have some time to try to secure funding. *See id.* at 32-33. However, he conceded that WBL never told him that it would forebear pursuing legal action against him. *See id.* at 35.

On June 4, 2025, the trial court filed an opinion and order denying the petition. The trial court denied the petition to strike because, since the sheriff's affidavit of service stated that PMA was served with the complaint at 3527, the subsequent 10-day notice and *praecipe* to enter default judgment were properly served at 3527. *See* Trial Court Opinion, 6/4/25, at 3. Regarding the petition to open, the trial court found that, despite George's brief hospitalization and difficulty with finding a lawyer, PMA still did not promptly file its petition because it did not file it until fifty days after he learned of the default judgment. *See id*. at 4. Further, the trial court found that PMA's defense that WBL failed to include an accounting or evidence of the missed mortgage payments was not a meritorious defense because WBL sufficiently stated in the complaint that PMA had not paid since July 16, 2024, and the amount due on the mortgage was $652,309.31. *See id.* at 4-5. Additionally, this defense was not asserted in a responsive pleading attached to the petition

as required by Pennsylvania Rule of Civil Procedure 237.3. *See id.* at 5. Lastly, the trial court found that PMA did not have a reasonable excuse for its failure to file a responsive pleading because WBL never gave PMA an extension of time to answer the complaint while he sought financing and PMA made no effort to timely respond to the complaint. *See id.* at 5-6.

On June 19, 2025, PMA filed a motion for reconsideration. Attached to the motion for reconsideration was an amended petition to strike and/or open default judgment which included an answer and new matter to WBL's complaint. On June 30, 2025, the trial court denied PMA's motion for reconsideration.[1] PMA timely appealed.

Both PMA and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925. *See* Pa.R.A.P. 1925(a)-(b). In its opinion, the trial court primarily relied on and briefly reiterated its reasoning set forth in its June 4, 2025, opinion in support of its order. *See* Trial Court Opinion, 8/4/25, at 1-3. Additionally, the trial court stated that it denied PMA's motion for reconsideration because Pennsylvania Rule of Civil Procedure 237.3 required PMA to attach its responsive pleading to its initial petition and "[t]o allow the later motion for reconsideration would require a whole new hearing to give PMA a second chance to comply with the rule." *Id.* at 3.

PMA raises the following issues for our review.

---

[1] After the trial court entered its order, WBL filed an answer to the motion for reconsideration on July 2, 2025.

- 8 -

1. Whether the trial court erred when it failed to strike the default judgment when the trial court asserted the 3527 Middle Easton Belmont Pike, Stroudsburg, PA 18360 as the "last known address of the party to be served" and was in accordance with Pa.R.C.P. 440(a)(2)(ii)?

2. Whether the trial court erred in determining [PMA's] belief the parties were in negotiations to rectify the default and actions taken by [PMA] to attempt to comply with [WBL's] request for a substantial cash lump sum payment was not a reasonable excuse for not initially filing an answer or response to [WBL's] complaint.

3. Whether the trial court erred in when it determined [PMA] had not presented any valid meritorious defense even though [PMA] had presented evidence that both the 10 Day Notice and the entry of the default judgment were misdirected to 3527 Middle Easton Belmont Pike in addition to raising issues of breach of contract and unconscionability by [WBL] during the hearing.

4. Whether the trial court erred in denying [PMA] the opportunity to file to its Amended Petition which included additional defenses and [PMA's] Answer and New Matter as an attachment when there was no indication granting the submission of the Amended Petition would have unduly prejudiced the other party.

5. Whether the trial court erred when it failed to consider the totality of the circumstances and equitable factors which can overcome the insufficiency of lack of actual notice of intent to take a default judgment as in *Miller Block Co. v United States National Bank*, 389 Pa. Super. 461 at 471 (1988).

Appellant's Brief, at 5-6 (renumbered for ease of disposition).

PMA raises issues concerning the denial of both its petition to strike and its petition to open. "A petition to open a default judgment and a petition to strike a default judgment seek distinct remedies and are generally not interchangeable." *Roy by & through Roy v. Rue*, 273 A.3d 1174, 1186 (Pa. Super. 2022) (citation omitted).

- 9 -

PMA's first issue concerns the trial court denying his petition to strike the default judgment.

> An appeal regarding a petition to strike a default judgment . . . implicates the Pennsylvania Rules of Civil Procedure. Issues regarding the operation of procedural rules of court present us with questions of law. Therefore, our standard of review is *de novo* and our scope of review is plenary.
>
> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. A petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void ab initio. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a default judgment, a court may only look at what was in the record when the judgment was entered.

***Grady v. Nelson***, 286 A.3d 259, 264 (Pa. Super. 2022) (citation and brackets omitted).

At issue here is Rule 440(a)(2) which governs the service of legal papers other than original process.

> (2)(i) If there is no attorney of record, service shall be made by handing a copy to the party or by mailing a copy to or leaving a copy for the party at the address endorsed on an appearance or prior pleading or the residence or place of business of the party, or by transmitting a copy by facsimile as provided by subdivision (d).
>
> (ii) If such service cannot be made, service shall be made by leaving a copy at or mailing a copy to the last known address of the party to be served.

Pa.R.Civ.P. 440(a)(2)(i)-(ii).

Additionally, Pennsylvania Rule of Civil Procedure 424 governs the service of original process upon a corporate entity.

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:
>
> > (1) an executive officer, partner or trustee of the corporation or similar entity, or
> >
> > (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or
> >
> > (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa.R.Civ.P. 424. "Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed." *Trexler v. McDonald's Corp*., 118 A.3d 408, 412 (Pa. Super. 2015) (citation omitted).

PMA argues that it presented sufficient evidence to overcome the rebuttable presumption that service was received at 3527. *See* Appellant's Brief, at 17-22. It claims that the evidence demonstrated that PMA received the complaint "only by chance at the tenant's address, demonstrating the fortuitous rather than proper nature of any service." *Id.* at 19. PMA further asserts that the Loan Agreement stated that the proper address for service was 3519, which is a distinct address from 3527. *See id.* at 19-20. Therefore, according to PMA, the trial court erred in finding that 3527 was the "last known

address" and service of the 10-day notice and *praecipe* to enter default judgment at 3527 was defective. **See id.** at 21-22.

WBL argues that the default judgment should not be stricken because the trial court's finding that 3527 was the "last known address" was supported by the record and in fact the sheriff effectuated service of the complaint at 3527. **See** Appellee's Brief, at 11-13.

We reiterate that when considering a petition to strike a default judgment, the reviewing court only considers whether a fatal defect appears on the face of the record at the time the judgment was entered. **See Grady**, 286 A.3d at 264. Here, the face of the record at the time the judgment was entered indicated that the sheriff filed an affidavit of service that he personally served PMA with the complaint at 3527. This service facially complied with Rule 424 and, therefore, made 3527 "the last known address" under Rule 440(a)(2)(ii) for delivering subsequent legal papers. Thereafter, the delivery of the 10-day notice and *praecipe* to enter default judgment to 3527 complied with Rule 440(a)(2)(ii).

When service "appears regular and facially complies with the Rules of Civil Procedure, a defendant cannot establish a fatal defect on the face of the record merely by asserting that service was ineffective; instead, the defendant must raise that claim in a petition to open rather than a petition to strike." **Kitner's Lawn & Landscaping, LLC v. LRM Masonry, LLC**, --- A.3d ----, 2026 WL 807384, at *5 (Pa. Super. 2026) (citation omitted). As explained,

service was regular and facially complied with the applicable Rules of Civil Procedure such that PMA cannot establish a fatal defect on the face of the record.[2] Therefore, the trial court properly denied PMA's petition to strike the default judgment, and PMA's first issue is without merit.

PMA's remaining issues concern the trial court's denial of its petition to open the default judgment. "Unlike a petition to strike a judgment, a petition to open a judgment is an appeal to the equitable powers of the court." **Roy**, 273 A.3d at 1186 (citation and internal quotation marks omitted). "The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law." **Rivers End Animal Sanctuary & Learning Ctr., Inc. v. Eckhart**, 253 A.3d 1220, 1223 (Pa. Super. 2021) (citation omitted).

"In general, a default judgment may be opened when the moving party establishes three requirements: (1) a prompt filing of a petition to open the default judgment; (2) a meritorious defense; and (3) a reasonable excuse or

_____

[2] In **Kitner's** this Court recently explained that service of legal papers by a party to an address that it knew to be wrong constitutes a fatal defect on the face of the record. **See Kitner's**, 2026 WL 807384 at *5-6. PMA argues that WBL sent the notices to the wrong address, however, PMA does not claim, and nothing in the record establishes, that WBL intentionally sent the notices to an address that WBL knew to be incorrect. The record is replete with references that George was actually served by the sheriff on November 6, 2024, at the joint front parking lot for 3519 and 3527. Therefore, it is clear that service was proper and effective.

explanation for its failure to file a responsive pleading." *Id.* Additionally, a petition to open a default judgment must attach a copy of the responsive pleading and raise all grounds for relief in the petition. *See* Pa.R.Civ.P. 237.3(a).

In its second issue, PMA argues that the trial court abused its discretion in finding that PMA did not have a reasonable excuse for failing to file a responsive pleading. PMA argues that it had a reasonable excuse because it believed that the parties were actively engaging in settlement negotiations and PMA was taking steps to secure funding to meet WBL's demand for a lump sum payment. *See* Appellant's Brief, at 37. PMA recognizes that settlement negotiations do not excuse the untimely filing of responsive pleadings, however, PMA argues that the instant case involved more than just mere negotiations that constituted a reasonable excuse for failing to file a responsive pleading. *See id.* at 37-40. According to PMA, these additional facts include: PMA taking concrete actions to secure funding to meet PMA's demands for a lump sum payment, the period of settlement negotiations not being lengthy, and PMA being unrepresented by counsel. *See id.* WBL argues that PMA was told to propose a payment plan, which it never did, and there was never an agreement that WBL would forebear pursuing legal action. *See* Appellee's Brief, at 17-18.

We find no abuse of discretion. When there is no agreement, a party's belief that the opposing party will not file a *praecipe* for default judgment is

- 14 -

not a reasonable excuse for failing to file a responsive pleading. ***See Castings Condo. Ass'n, Inc. v. Klein***, 663 A.2d 220, 224 (Pa. Super. 1995) (holding that relying on an "assumption" that the opposing party will not seek default judgment when there is no agreement is not a reasonable excuse for failing to respond to a complaint). Here, PMA was aware of the foreclosure complaint on November 6, 2024. There was no agreement that PMA was not required to file a responsive pleading or that WBL would forebear filing a *praecipe* for default judgment.

Further, the surrounding circumstances do not support PMA's position. The record established that PMA negotiated with WBL for about two weeks and, at the end of that period, WBL told PMA to propose a payment plan, with the condition that it include a large lump sum payment. N.T., 5/29/25, at 27-28; Trial Court Opinion, 6/4/25, at 1. PMA never proposed even a tentative payment plan and had no further contact with WBL after November 21, 2025. N.T., 5/29/25, at 28-29; Trial Court Opinion, 6/4/25, at 1. The trial court was justified in finding that it was not reasonable for PMA to forego filing an answer to the mortgage foreclosure complaint when WBL never agreed to refrain from filing a *praecipe* for default judgment and PMA did not propose a requested payment plan or have any contact with WBL for nearly two weeks before the

10-day notice of intent to file the *praecipe* had been filed. Therefore, PMA is not entitled to relief.[3]

In its next issue, PMA argues that the trial court abused its discretion by not allowing it to amend its petition to attach an answer that would both remedy its failure to attach an answer to the initial petition and include an additional meritorious defense of breach of contract. ***See*** Appellant's Brief, at 24-25. PMA further argues that the trial court abused its discretion by failing to review the proposed amended petition and misapplied the law by failing to consider whether permitting the amended petition would have prejudiced WBL. ***See*** Appellant's Brief, at 25-28. WBL argues that the trial court did not abuse its discretion because the new defense was first introduced at the time of the hearing and the amendment would not cure the original petition's failure to comply with Rule 237.3(a). ***See*** Appellee's Brief, at 14-15.

"[T]he decision whether to permit a petitioner to amend a petition to open or strike a [] judgment, presented prior to adjudication of the merits of the original petition, is best left to the discretion of the trial court."[4]

---

[3] "Because [PMA] did not satisfy the reasonable-excuse prong, we need not examine whether it established a meritorious defense." ***Kitner's***, 2026 WL 807384 at *10 (citation omitted).

[4] In ***Huntington***, the trial court denied the appellant's motion to amend its petition to strike or open a confessed judgment based on its interpretation of Pennsylvania Rule of Civil Procedure 2959(a)(1) which states that "[r]elief from a judgment by confession shall be sought by petition. . . . all grounds for relief whether to strike off the judgment or to open it must be asserted in a
*(Footnote Continued Next Page)*

*Huntington Nat. Bank v. K-Cor, Inc.*, 107 A.3d 783, 787 (Pa. Super. 2014).

"In exercising this discretion, a trial court should examine the proposed amendments and consider whether amendment will unduly prejudice the opposing party." *Id.* (citation omitted).

Whether PMA's proposed amended petition included a meritorious defense is inconsequential. As stated above, the trial court had a sound basis to find that PMA did not have a reasonable excuse for failing to file a responsive pleading. The contention that the amended petition included a meritorious defense does not change the finding that PMA did not satisfy the reasonable-excuse prong.

As explained, PMA failed to establish that it had a reasonable excuse for failing to file a responsive pleading to the complaint. This would also prevent opening the default judgement on the basis of a proposed amended petition. In other words, PMA's amended petition would not change that it did not have

---

single petition." *Huntington*, 107 A.3d at 785-86. We rejected the trial court's interpretation of Rule 2959(a)(1) and held "that no strict prohibition of amendments is warranted." *Id.* at 787. Petitions to open or strike a default judgment are governed by Rule 237.3 which similarly states that "[a]ll grounds for relief shall be raised in a single petition." Pa.R.Civ.P. 237.3(a). Therefore, like *Huntington*, we do not interpret Rule 237.3(a) to prohibit amending a petition to open or strike a default judgment.

a reasonable excuse for initially failing to file a responsive pleading. Accordingly, PMA is not entitled to relief.[5]

In its final issue, PMA argues that, in considering whether justice would have been best served by opening the default judgment, the trial court erred by failing to weigh the totality of the circumstances, such as the lack of actual notice of either the intent to enter a default judgment or the entry of default judgment, and other equitable considerations. **See** Appellant's Brief, at 41-45. "[W]e note the trial court cannot open a default judgment based on the 'equities' of the case when the defendant has failed to establish all three of the required criteria." **Myers v. Wells Fargo Bank, N.A.**, 986 A.2d 171, 176 (Pa. Super. 2009) (citation omitted). As explained above, PMA failed to establish the requirements for opening a default judgment. It therefore cannot

_____

[5] PMA cites to **Himmelreich v. Hostetter Farm Supply, Inc.**, 703 A.2d 478 (Pa. Super. 1997) in support of its claim that a meritorious defense set forth in the petition to open can be considered even if a responsive pleading is not attached to the petition. **See** Appellant's Brief, at 29-30. **Himmelreich** does not stand for that proposition. In **Himmelreich** the trial court denied a petition to open because although the petition specifically set forth a meritorious defense, the attached answer only contained general denials. **See** **Himmelreich**, 703 A.2d at 479. This Court reversed and held the trial court abused its discretion by "looking exclusively to the answer attached to [the] petition to open for the assertion of a meritorious defense[.]" **Id.** This was "an overly strict interpretation of Pa.R.C.P. 237.3," because the petition to open specifically set forth a meritorious defense and the defendant attached the required answer to the petition. **Id. Himmelreich** is inapplicable because, here, PMA totally failed to attach a responsive pleading to its petition as required by Rule 237.3(a).

challenge the trial court's weighing of the totality of the circumstances. Therefore, PMA's final issue is without merit.

Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/15/2026