J-A23007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LAMONT THOMAS D/B/A CINDERELLA REALTY A/K/A CINDERELLA PROPERTIES | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| MICHAEL JONES AND GARY SULLIVAN | : : : : : | No. 2250 EDA 2019 |
| APPEAL OF: MICHAEL JONES | : | |

Appeal from the Judgment Entered September 25, 2019,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  January Term, 2018 No. 04323.

BEFORE:   KUNSELMAN, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:               **FILED FEBRUARY 9, 2021**

In this subrogation action, Michael Jones, the only remaining defendant, appeals from the judgment in favor of his former landlord, Lamont Thomas. The $100,000 judgment represents the policy limits of Mr. Thomas's insurance on a property that burned down while Mr. Jones was renting its third-floor apartment with Gary Sullivan.  The fire began in Mr. Sullivan's bedroom, but Mr. Jones signed a lease agreeing to purchase rental insurance and to pay Mr. Thomas for all damages to the apartment.  Therefore, he contracted to be individually liable for the fire, and we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

Mr. Jones raises one issue on appeal. "Did the trial court err as a matter of law in denying [his] post-trial motion for judgment notwithstanding the verdict?" Jones' Brief at 4. He bases this claim of error on his belief that the word "damage" in the lease is overly broad and ambiguous, the contract is unconscionable, and Mr. Thomas lacks standing.

"Subrogation is an equitable doctrine intended to place the ultimate burden of a debt upon the party primarily responsible for the loss." *Joella v. Cole*, 221 A.3d 674, 677 (Pa. Super. 2019). An Action for "subrogation can arise only with respect to the rights of an insured against third persons to whom the insurer owes no duty." *Remy v. Michael D's Carpet Outlets*, 571 A.2d 446, 452 (Pa. Super. 1990), *aff'd* sub nom. *Kimco Dev. Corp. v. Michael D's Carpet Outlets*, 637 A.2d 603 (Pa. 1993). An insurer, therefore, cannot recover by means of subrogation against its own insured. *See id.*

To determine whether a tenant is a co-insured under his landlord's lease and therefore immune for a subrogation action by the landlord's insurance company, this Court applies "the case-by-case approach . . . ." *Joella*, 221 A.3d at 678. Under this approach "courts determine the availability of subrogation based on the reasonable expectations of the parties as expressed in the lease under the facts of each case." *Id.* To make that assessment "the court will look to the lease agreement between the landlord and the tenant." *Id.*

The language of the lease between Mr. Thomas and Mr. Jones was plain and unambiguous. It required Mr. Jones to obtain renter's insurance and to

keep the property free from all damages. The lease provided, "It is agreed that Landlord is leasing said apartment to Michael Jones & Gary Sullivan and they are responsible for acquiring Renter's insurance and keeping said apartment damage free during the course of this leasing agreement." Plaintiff's Ex. 2 at 2. Mr. Jones fails to provide an alternative, reasonable construction for the phrase "damage free," and no definition appears in the lease. He cites no law from this jurisdiction to support the suggestion that the word "damage" does not mean the harm that befell the apartment during the fire.

In this Commonwealth, "compensatory damages are such damages as measure *the actual loss*, and are allowed as amends therefor." ***Bailets v. Pennsylvania Tpk. Comm'n***, 181 A.3d 324, 332 (Pa. 2018) (emphasis added). A landlord's expectation interest in renting an apartment is that the tenants will surrender the premises in the same condition as when they took possession. Instead, Mr. Jones returned a charred leasehold and building in need of extensive restorations. Having contractually assumed responsibility for all the damage to the apartment during his occupancy, Mr. Jones is strictly liable for "the actual loss" that Mr. Thomas suffered from the fire. ***Id.***

Nor was this lease unconscionable under Pennsylvania law. Mr. Jones asks us to void his lease on public policy grounds by citing two, extra-territorial decisions, one of which is no longer law. ***See Philadelphia Indem. Ins. Co. v. White***, 490 S.W.3d 468 (Tex. 2016) (reversing 421 S.W.3d 252 (Tex. App. 2013)). Those out-of-Commonwealth cases are unpersuasive. Arguments of

public policy are more appropriate for the General Assembly of Pennsylvania, which has legislated on this subject in the Landlord/Tenant Act. 68 P.S. §§ 250.101—250.602. If our legislature had wished to restrict a tenant's right to assume liable for all damages to a leasehold as consideration for renting the premises, the General Assembly could have done so. It did not.

Finally, we agree with the trial court that Mr. Thomas had standing under the Landlord/Tenant Act to sue, because Mr. Thomas did **not** withhold Mr. Jones's security deposit. Under Section 250.512(b) of the Act, "Any landlord who fails to provide a written list [of damages to the premises] within thirty days . . . shall forfeit all rights to withhold any portion of sums held in escrow, including any unpaid interest thereon, or to bring suit against the tenant for damages to the leasehold premises." 68 P.S. § 250.512(b). This Court has held that "Subsection (b) . . . relates only to the situation when the landlord withholds the security deposit . . . and the landlord failed to provide the tenant with a written list of the alleged damages." **McEvilly v. Tucci**, 362 A.2d 259, 262 n.4 (Pa. Super. 1976). Subsection (b) does not apply here, because the fact finder determined that Mr. Thomas returned the security deposit.

For the foregoing, as well as the rationale in the well-reasoned Opinion of the learned Judge Abbe Fletman of the Court of Common Pleas of Philadelphia County, that court properly denied Mr. Jones post-trial relief. We adopt Judge Fletman's Opinion as our own. The parties are directed to attach a copy of that Opinion to this Memorandum in all future proceedings.

Judgment affirmed.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/09/2021